[S. F. No. 6094.   Department One.—January 24, 1913.]

II. F. SUHR and H. C. MEISEL, Executors of the Will of LOUISE LAUTERBACH, Deceased, Substituted for said Louise Lauterbach, Respondents, v. GEORGE LAUTERBACH, Appellant.

LACHES—DEFENSE NEED NOT BE PLEADED—DENIAL OF DEFENDANT'S MOTION FOR JUDGMENT.—The defense of laches need not be pleaded, but when it appears from the evidence that the seeker of relief in equity has been guilty of laches, the court will deny such relief *sua sponte* without any pleading. The denial of defendant's motion for judgment on the ground of laches amounts to a declaration and finding to the effect that the plaintiff was not guilty of laches.

ID.—STATUTE OF LIMITATIONS—ELEMENTS CONSTITUTING LACHES.—Entirely independent of any statutory period of limitations, stale demands will not be aided in equity where the claimant has slept upon his rights for so long a time and under such circumstances as to make it inequitable to enter upon an inquiry as to the validity thereof, or to allow the remedy sought. Where such is the condition, the demand is, in a court of equity, barred by laches. Unless such conditions exist, the demand is not so barred.

ID.—QUESTION OF LACHES PRIMARILY FOR TRIAL COURT.—Whether such is the situation is a question in the first instance for the trial court, and if its conclusion thereon can reasonably be held to find sufficient support in the evidence, an appellate court should not interfere therewith.

ID.—CANCELLATION OF DEED—EVIDENCE INSUFFICIENT TO ESTABLISH LACHES.—In an action to set aside a deed executed by the plaintiff to her brother-in-law, on the ground that its execution was procured by means of duress and undue influence exercised by him upon her, it is held, upon a review of the evidence, that the trial court was justified in its conclusion that the defendant could not have been prejudiced by the plaintiff's delay of a year and nine and one-half months in commencing the action, and that the plaintiff was not guilty of laches.

ID.—RATIFICATION OF DEED—TAKING AND RECORDING CONTEMPORANEOUS INSTRUMENT.—The mere taking and recordation by such plaintiff of an instrument executed by the defendant practically contemporaneously with the deed and as part of the same transaction, whereby the defendant undertook, in conjunction with the plaintiff, to execute a note secured by a mortgage of the granted premises, if the same became necessary to raise money for the plaintiff's support, did not amount to a subsequent ratification of the deed.

APPEAL from a judgment of the Superior Court of Alameda County. N. A. Hawkins, Judge presiding.

The facts are stated in the opinion of the court.

Robert Edgar, and Oliver Youngs, Jr., for Appellant.

Frank V. Kington, for Respondent.

ANGELLOTTI, J.—This is an action initiated by Louise Lauterbach to obtain a décree adjudging a deed executed by her to defendant, the brother of her deceased husband, on November 24, 1906, to be null and void, and quieting her title to the land described therein as against said defendant, on the ground that the execution of the same was procured by defendant by means of duress and undue influence exercised by him upon her. This deed reserved to Mrs. Lauterbach a life estate in the property conveyed. The action was commenced on September 16, 1908. The findings and judgment were in favor of plaintiff. This is an appeal by defendant from such judgment. Since the taking of the appeal, Louise Lauterbach died, and the executors of her will have been substituted as plaintiffs.

1. No claim is made in the briefs that the evidence is insufficient to support any of the findings of the trial court.

2. It is claimed that Mrs. Lauterbach's right of action was "barred by reason of her laches in bringing suit." As we have seen, the date of the execution of the deed, as alleged in the complaint, was November 24, 1906, while the action was not commenced until September 16, 1908. The complaint was treated in the lower court by all the parties as sufficiently stating a cause of action, no objection by demurrer being made and the defendant answering upon the merits. Nothing was said about laches in the lower court until the very close of the trial, when all of the evidence on both sides had been received. Defendant then moved for judgment "on the ground of plaintiff's laches in commencing the action." Although the record does not show that the court formally ruled upon this motion, the judge saying only "Very well, the case is submitted," in view of the findings and the judgment the motion must be deemed to have been denied. We do not think

that the allegations of the complaint were such in so far as the question of laches is concerned, as to warrant us in holding, after answer, trial, and judgment, that the complaint failed to state a cause of action. The only question then is whether the evidence was such as to support the conclusion of the trial court that there was no such unreasonable delay on the part of Mrs. Lauterbach in asserting her right to avoid this deed as would bar her action. "It is well settled that the defense of laches need not be pleaded, but that when it appears from the evidence that the seeker of relief in equity has been guilty of laches the court will deny such relief *sua sponte* without any pleading." The denial of defendant's motion for judgment on the ground of laches amounted to a declaration and finding to the effect that the plaintiff was not guilty of laches. (*Stevinson* v. *San Joaquin etc. Co.,* 162 Cal. 141, [121 Pac. 398].)

The evidence indicates that the deed, although dated November 24, 1906, was not delivered until December 1, 1906. The time between the delivery of the deed and the commencement of the action was thus one year and nine and one-half months. This was much less than the period prescribed by our statute of limitation within which such an action may be brought. But, of course, that fact does not bar the defense of laches, which is based entirely on equitable principles. It is well settled that "entirely independent of any statutory period of limitations, stale demands will not be aided where the claimant has slept upon his rights for so long a time and under such circumstances as to make it inequitable to enter upon an inquiry as to the validity thereof." (*Klienclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516].) "Where such is the condition, the demand is, in a court of equity, barred by laches." (Id.)

"As has often been said, there is no artificial rule as to the lapse of time or circumstances which will justify the application of the doctrine. Each case as it arises must necessarily be determined by its own circumstances." (Id.) "In order to bar a remedy because of laches, there must appear, in addition to mere lapse of time, some circumstances from which the defendant or some other person may be prejudiced, or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is al-

lowed." (*Cahill* v. *Superior Court*, 145 Cal. 42, 47, [78 Pac. 767].) The plaintiff is not to be held barred from his remedy for the wrong alleged to have been done him, on the ground that he has been guilty of laches, unless his delay in bringing action has been of such length and under such circumstances that it would be inequitable to enter into an inquiry as to the validity of his claim or to allow such remedy. Whether such is the situation is a question in the first instance for the trial court, and if its conclusion thereon can reasonably be held to find sufficient support in the evidence, an appellate court should not interfere therewith.

The evidence in this case was such as to amply support a conclusion by the trial court to the effect that defendant could not have been prejudiced in the slightest degree by plaintiff's delay in commencing this action. The only matter suggested by counsel for defendant as to which such prejudice was or might be caused, was that he (defendant) had a claim for $3,680.75 against plaintiff for services rendered and board, at the time of the delivery of the deed, which he claimed on the trial was the real consideration for the execution of the deed, that relying upon the deed he had failed to take any proceeding for the enforcement of his claim, and that at the time of the commencement of the action this claim had become barred by the statute of limitations. Of this alleged claim, as was shown by the account furnished by defendant on the trial, $3,217 was already barred by such statute at the date of the delivery of the deed, and of the remaining $463.75 at least ninety-eight dollars was not barred at the time of the commencement of this action, leaving only $365.75 of the $3,680.75 as to which defendant could have possibly lost any right by reason of the statute of limitations on account of plaintiff's delay. His additional charges, aggregating $576.25, for alleged services, etc., subsequent to the delivery of the deed, were, of course, in no way imperiled by any statute of limitations by reason of the delay. The evidence was such as to support a conclusion that, regardless of the statute of limitations, defendant had no legal claim whatever against plaintiff at the time of the delivery of the deed, and had never asserted any such claim except for board for a short time, for which Mrs. Lauterbach testified he had been fully paid. The account presented by him on the trial, when for the first

time, apparently, Mrs. Lauterbach was made acquainted with the fact that he asserted any claim against her for money on account of services rendered, was of such a character, when considered in connection with the other evidence, as to warrant the learned judge of the trial court in entirely disregarding it, as is apparent from his opinion he did. There was also sufficient support in the evidence for the conclusion that there was no understanding on the part of plaintiff that she was deeding this property to defendant on account of any claim for money due him, and that the only thing in the way of consideration suggested to her was that he would see that she did not want anything during her lifetime. From what we have said it is clear that the court below was warranted in concluding that even as to the small portion of the asserted claim as to which the statute of limitations intervened as a bar between the time of the delivery of the deed and the date of the commencement of the action, defendant suffered no prejudice by reason of the delay.

It is further to be noted that there was evidence sufficient to support a conclusion that plaintiff made known to defendant very shortly after the delivery of the deed that she was not satisfied and wished to have the property back, and several times made a request of defendant to that effect. The evidence was also such as to support a conclusion that for a long time after the delivery of the deed plaintiff was to a great extent under the same influence that existed at the time of the execution thereof.

We are satisfied that it cannot be held that the conclusion of the lower court that plaintiff was not guilty of laches was not sufficiently supported by the evidence.

3. The other points made for reversal require but little notice.

There was no subsequent ratification by plaintiff of the deed. The instrument signed by defendant, dated November 23, 1906, but signed "after" the deed, and marked "Recorded at request of L. Lauterbach," relied on as showing such a ratification, was practically contemporaneous with the deed and part of the same transaction. This instrument was simply an undertaking on the part of defendant, "as a further consideration for the conveyance," to execute a note secured by mortgage on the property conveyed, in conjunction with

the grantor, to enable the grantor to obtain a loan thereon for her own use, if it became absolutely necessary to raise money in that way for her support. No such note or mortgage was ever given, or requested by plaintiff.

There is nothing at all in the claim that Mrs. Lauterbach was not damaged by the loss of her property.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.