[Civ. No. 2563. First Appellate District, Division One.—December 21, 1918.]

## MATILDA G. DEASY, Respondent, v. CHARLES H. TAYLOR et al., Appellants.

FRAUD—ACTION TO SET ASIDE AGREEMENTS AND TRANSFERS—CONFLICT OF EVIDENCE—FINDINGS SUSTAINED.—In this action to set aside certain agreements and transfers on the ground of fraud it is held that the evidence is conflicting and that, therefore, the findings of the trial court may not be disturbed.

ID.—CONSTRUCTIVE FRAUD.—A finding that a defendant, while acting as the agent of the plaintiff and possessing her confidence and trust and having a great and controlling influence over her mind and will, procured her to execute agreements and transfers of property, at a time when he knew she was sick and intoxicated, and incapable of

knowing or understanding any business whatever, or the nature or effect of any paper she might sign or execute, warranted the conclusion that such defendant was guilty of a constructive fraud on the plaintiff.

ID.—CONTRACTS NOT VOID, BUT VOIDABLE.—In such case the contracts, agreements, and transfers were voidable but not void.

ID.—RESCISSION.—In such case the plaintiff who seeks relief must rescind the contracts.

ID.—WHEN LACHES NOT A BAR—STATUTE OF LIMITATIONS.—Where in such case the plaintiff received no consideration for the transfers of which rescission is sought, and third parties cannot be prejudiced by the delay of the party seeking to rescind, the latter may commence an action to rescind at any time within the period allowed by the statute of limitations.

ID.—RETURN OF PROPERTY RECEIVED, WHEN UNNECESSARY.—Where in such case the plaintiff received nothing of value, there was nothing he was required to return.

ID.—FRAUD OF ONE DEFENDANT—RESCISSION AGAINST ALL JOINTLY INTERESTED.—Under section 1689 of the Civil Code a finding that one of several defendants was guilty of fraud in procuring certain contracts from the plaintiff entitled the plaintiff to rescind against other defendants jointly interested in the subject of the contracts, although the defendant guilty of the fraud did not act as the agent of the other defendants, and the other defendants did not confederate with him nor was there any conspiracy among the defendants to defraud the plaintiff.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Wm. M. Conley, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Hennessy & Peterson, Chas. W. Kitts and Chas. M. Bufford for Appellants.

Snook & Church for Respondent.

LENNON, P. J.—This is an appeal by the defendants, Charles H. Taylor, Edward F. Taylor, Joseph E. Taylor, John McKenna, also known as Jas. F. McKenna, Cornelius I. Harkins, Catherine Harkins, Matilda Harkins, G. S. Stevenson, as administrator of the estate of Cecelia Stevenson, deceased, and George S. Stevenson, from a judgment of the superior court of Alameda County, adjudging and decreeing certain agree-

ments and transfers executed by the plaintiff in favor of the defendants to be null and void, and also from the order denying the said defendants' motion for a new trial.

Appellants' first contention is that certain findings of the trial court are not sustained by the evidence. We have carefully read the discussion in appellants' brief upon this subject. That discussion, however, is, upon the whole, a discussion of the weight of the evidence. The objections are to seven different findings. It would serve no useful purpose to go into a discussion of the evidence, and to point out in detail the support for each of these findings separately. The objection to many of them is the same. Suffice it to say that an examination of the record discloses to us that the evidence on these matters is conflicting, and the findings of the trial court may not, therefore, be disturbed by this court.

There seems to us to be only one point in the various contentions of the appellants against these findings which needs to be specifically noticed here. It is this: Appellants in their brief set out the following findings:

"Cecelia McFadden Stevenson and said defendant George S. Stevenson, well knowing she [plaintiff] was sick and intoxicated and unable to transact any business, *fraudulently* procured and caused her to sign . . . "

"Said George S. Stevenson, well knowing her [plaintiff's] condition and that she was sick and intoxicated and incapable of knowing or understanding any business whatever, or to understand the nature, purport or effect of any paper or document she might sign or execute, and by means of his influence and control of plaintiff's mind and will did *fraudulently* procure and cause the plaintiff to sign. . . . "

The appellant argues that there is "not in the transcript one word with respect to any fraudulent practice or representation on the part of either Stevenson or his wife, and not one word with any implication of that sort," and argues therefrom that the insertion in the findings of the statement that Stevenson acted fraudulently gives a false color to the whole case. The answer to the objection seems very obvious. The trial court found—and it is our view that such findings are supported by the evidence—"that at the time of the execution of the instruments involved in this action the plaintiff was unable to transact any business or understand or comprehend what she was doing, and her mind was wholly bereft of reason

or understanding''; that Cecelia McFadden Stevenson and George S. Stevenson, well knowing plaintiff's incapacity as aforesaid, procured her signature to said papers; that said George S. Stevenson, at the time mentioned in the complaint, represented and acted as the agent of the said plaintiff, and pretended to and did claim to act as and for the plaintiff, and also had the confidence and trust of the plaintiff, and had a great and controlling influence during all said times over the mind and will of the plaintiff, and did during all of the said times control and influence her mind in accordance with his wishes and desires, etc.

These findings certainly make the actions of the defendant, George S. Stevenson, amount to a constructive fraud upon the plaintiff. The most that can be said for the appellants' objection is that the finding of fraudulent conduct upon the part of the said George S. Stevenson should have been embodied in the conclusions of law based upon the findings, rather than in the findings themselves. Knowing plaintiff's physical and mental condition it was certainly a fraud upon her for Stevenson to secure her signature to the assignments and agreements.

The appellants rightly state that the contracts, even under the findings of the trial court, were not void but only voidable. This brings the case to a point where it was necessary for the plaintiff to rescind the contracts. The Civil Code (section 1691) prescribes the essential elements of a valid rescission. We think the plaintiff has complied therewith. The relevant portions of that section are as follows:

''1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

''2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.''

In the first place appellants contend that the record shows that plaintiff had knowledge of the assignments as early as January 21, 1913, and that the present action was not begun until December 9, 1913, and that the plaintiff is, therefore, guilty of laches. There is also a conflict in the evidence on the question of when plaintiff discovered the facts, and the

trial court must have passed upon the question of laches in rendering its judgment. As has often been said, there is no artificial rule as to the lapse of time or circumstances which will justify the application of this doctrine. (*Suhr* v. *Lauterbach,* 164 Cal. 591, [130 Pac. 2].) The section of the code above quoted says that a party desiring to rescind must do so promptly upon discovering the facts and becoming aware of his right to rescind. We are pointed to no evidence of when the plaintiff became aware of her right to rescind. Even taking appellants' view of the evidence, action was brought in less than a year after the facts were discovered by the plaintiff. The court found that the plaintiff had received no consideration for the assignments in question; and the case of *Suhr* v. *Lauterbach, supra,* in effect holds that where such is the case, and third parties cannot be prejudiced by the delay of the party seeking to rescind, such party may commence an action to rescind the contract or cancel the instrument at any time within the period allowed by the statute of limitations. In other words, before the doctrine of laches intervenes, some person must be shown to have been injured by the plaintiff's delay. Obviously, if appellants have parted with no consideration, they cannot be injured by plaintiff's delay, which we consider not to be an unreasonable one under all the circumstances of the case.

As to the second requirement of the section of the code above quoted, the court found that the plaintiff had received no consideration from the defendants. At any rate, it is clear from the evidence that the plaintiff received nothing of value, and therefore there is nothing that she is required to return.

Appellants make the point that as the trial court found that Stevenson did not act as the agent of the other defendants in the action, and that said other defendants did not confederate with him, nor was there any conspiracy among them to defraud plaintiff, the plaintiff is not entitled to rescission as against the defendants other than said Stevenson. Appellants rely for support of this proposition upon section 1689 of the Civil Code, which provides:

"1. If the consent of the party rescinding, . . . was given by mistake or obtained through duress, menace, fraud or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party. . . . "

The trial court found that Cecelia McFadden Stevenson and George S. Stevenson . . . fraudulently procured and caused plaintiff to sign the instruments. Cecelia McFadden Stevenson was jointly interested with the other defendants in the subject matter of these contracts, i. e., the estate of her deceased aunt, Matilda A. Quinn. We think, therefore, that a finding that she had been guilty of fraud in procuring the contracts would entitle plaintiff to rescind against the other defendants jointly interested with her, under the terms of the section of the code last above quoted.

The judgment and order are affirmed.

Sturtevant, J., *pro tem.*, and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 20, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1919.

All the Justices concurred.