SCHREIER, Appellant, v. VEGLAHN, Sheriff, Respondent.

(227 N. W. 487.)

(File No. 6790. Opinion filed November 26, 1929.)

*Otto L. Kaas,* of Britton, for Appellant.

*Buell F. Jones,* of Britton, for Respondent.

CAMP'BELL, J.   Plaintiff instituted this action against defendant in trover for conversion, and the complaint, exclusive of the prayer for judgment, verification, and exhibit attached, was as follows:

"(1) That the defendant is and at all times hereinafter mentioned was the qualified and acting sheriff of Marshall county, S. D.

"(2) That on the 1st day of June, 1927, the plaintiff was the owner of the following described personal property, which personal property was in plaintiff's possession and situated in the county of Marshall, South Dakota, as follows: Nine white spring pigs; two white sows; one red calf; one black calf; one red and white calf; four red yearling calves; one gelding, 9 years old, gray, named 'Dave'; one mare, 8 years old, gray, named 'Dolly.' And that the value of said personal property was in the sum of $830.

"(3) That on the 1st day of June the above-named defendant, as sheriff of Marshall county, by virtue of an execution issued upon the judgment of the above court in an action where the Eden State Bank was plaintiff and Stephen J. Schreier was defendant, did levy upon and take into his possession the personal property described in paragraph 2 hereof.

"(4) That thereafter, and on the 2d day of June, 1927, this plaintiff did cause to be served upon the defendant his regular third party claim, informing the said Arnold Veglahn, as sheriff, that he was the owner of the personal property levied upon, which notice of ownership was in writing and service thereof duly admitted by the defendant in writing, and a copy of said notice of third party claim, marked 'Exhibit A,' is hereto attached and made a part of this complaint.

"(5) That, notwithstanding the fact that plaintiff herein was the owner of said property, and notwithstanding the fact that writ-

ten notice thereof was given to the above-named defendant, the defendant did take and remove said personal property, and did deprive this plaintiff of the possession thereof, and defendant herein did convert said property to his own use, or to the use of other persons, and plaintiff herein was permanently deprived of said property to his damage in the value thereof, the sum of $830."

Defendant demurred that the complaint did not state facts sufficient to constitute a cause of action against him, either individually or as sheriff, and his demurrer was sustained, whereupon plaintiff appealed.

■ The complaint alleges possession and ownership by plaintiff, describes the property, states the value thereof, alleges (sufficiently, but with needless detail) a wrongful conversion by the defendant to plaintiff's damage in a sum named, and alleges (perhaps unnecessarily in this case) a subsequent demand and refusal. That the complaint contains all the allegations requisite to state a good cause of action in trover is too elementary to require the citation of any authority. Appellant in his brief, speaking of allegations of the complaint, says: "We should do no more; we could scarcely do less." And with the first clause of his statement we entirely concur. The complaint is so clearly sufficient that it would be impossible, but for certain matters set forth in respondent's brief, even to conjecture upon what theory the learned trial judge could have sustained the demurrer.

Respondent in his brief prints a part of the records in a case in the circuit court in Marshall county, South Dakota (where this appeal originated), wherein Eden State Bank was plaintiff and one Stephen J. Schreier was defendant, being apparently the case mentioned in the third paragraph of the complaint in the instant case, and respondent states in his brief that in that proceeding (to which it is not claimed that plaintiff, Leo Schreier, was a party) it was adjudicated that the personal property described in the complaint in the instant case was in fact the property of Stephen J. Schreier, and special execution was issued for levy thereon.

■ The records or proceedings in the case of Eden State Bank v. Stephen J. Schreier are not in any manner a part of the record of the instant case, nor did the circuit court, in ruling upon the demurrer in the instant case, have any right to take judicial notice of its records or proceedings in the Eden State Bank Case. Grace v. Ballou, 4 S. D. 333, 56 N. W. 1075.

■■ ·Certainly a complaint in trover need not and should not undertake to negative all possible defenses. If there are any matters arising out of the proceedings had in the Eden State Bank Case, or the form of the execution therein issued, which constitute a defense for respondent in the instant case, respondent must affirmatively plead and adequately prove the same. Whether the matter suggested in respondent's brief as having probably been judicially noticed by the court below as a ground for its decision in the instant case will as a matter of law constitute any defense for respondent in this case, if hereafter properly pleaded and sufficiently proved by him, is a question which is not presented by this record, and upon which we express no opinion.

The order appealed from is reversed, and the cause remanded, with directions to enter an order overruling the demurrer.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.