JAMES v. UNKNOWN TRUSTEES, etc., of THREE-IN-ONE OIL & GAS CO. et al.

No. 34263.   July 18, 1950.

*220 P. 2d 831.*

Owen F. Renegar, Oklahoma City, for plaintiff in error.

Hill & Godfrey, By Houston Bus Hill, Keaton, Wells, Johnston & Lytle, Bulla & Bynum, and Bohanon & Adams, all of Oklahoma City, George & George, of Ardmore, Forrest M. Darrough, Walter Davidson, and Richard P. Ryan, all of Tulsa, Curtis & Blanton, of Pauls Valley, Hall & Cotton, of Oklahoma City, Brown, Cund & Brown, of Duncan, and C. H. Bowie and Garvin & Shumate, all of Pauls Valley, for defendants in error.

JOHNSON, J. The parties here occupy the same relative positions as in the trial court, and hereafter they will be referred to as plaintiff and defendants, respectively.

This action was filed on August 31, 1948, by E. E. James to cancel certain muniments of title or conveyances. To the petition as amended, the defendants interposed demurrers, which were sustained. The plaintiff refused to plead further and elected to stand upon his petition; whereupon, the trial court dismissed the action, resulting in this appeal.

Plaintiff in his petition as amended asserts two causes of action. In the first it is alleged in substance that he was the owner of and had the right to possession of all the oil, gas and other minerals under certain lands described in Garvin county, Oklahoma; that his title was obtained by a mineral deed of January 21, 1926, from Boyd Turner Wooldridge, and that same was duly recorded; that plaintiff was addicted to liquor and drinking, and soon after acquiring said mineral right, T. M. Casland attempted to procure a deed from plaintiff; that he did not know that he had signed a deed to anyone until 1948 when he discovered that in January, 1926, he had executed a mineral deed to the Three-In-One Oil & Gas Company; that said deed is void for the following reasons: (a) that said deed was procured while plaintiff was intoxicated and incompetent and did not recognize his acts, or the nature of the instrument; (b) that plaintiff received no consideration for said deed; (c) that at the time said conveyance was executed the grantee was a dissolved and defunct corporation and incapable of receiving a conveyance of property; that said deed is a cloud upon plaintiff's title and should be canceled; that none of the defendants attempted or took adverse possession or properly claimed any interest in said property until 1947 when Carter Oil Company wrongfully began the operation for and the removal of oil and gas from said property; that said company and all other defendants have no right, title or interest in said property.

Plaintiff's second cause of action realleges all of the facts of his first cause of action and in substance further alleges: (1) that on the 10th day of June, 1940, a resale tax deed was issued by George Phelps, county treasurer, Garvin county, Oklahoma, to L. R. Bradshaw, which was duly recorded; that said deed is a cloud on the title of plaintiff and is void both as to Bradshaw and his grantees for the following reasons: (a) the publication notice of resale for the year 1940 included the last quarter of 1939 taxes which were not due; (b) that the notice of resale published prior to second Monday in

May, 1940, covering lands herein and other lands, included illegal assessments for the years 1936, 1937, 1938, and 1939; (2) that the only claim to title of the defendants is derived through the above mentioned tax deed; that there are now producing oil wells on said property and great amounts of oil and gas have and are being taken from said property, and a receiver should be appointed. There was the usual general prayer for relief under these allegations.

Several of the defendants filed separate general demurrers and amendments thereto, which, as amended, are, in substance: (1) that the plaintiff's petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against this defendant; (2) that the plaintiff's action is barred by laches; (3) that the alleged cause of action in said petition is barred by the statute of limitations; (4) that the alleged cause of action in said petition did not accrue to said plaintiff within two years next before the commencement of this suit as provided for under the provisions of subdivision 3, Title 12 O. S. A. §95; (5) that the alleged cause of action in said petition is barred under the theory of res adjudicata.

The defendants to sustain the judgment of the trial court brief, argue and urge six propositions. The first proposition is that the action is barred on the theory of res judicata, because the issue has formerly been decided adversely to the plaintiff in another case involving the same subject matter between the same parties, or their privies, by a court of competent jurisdiction, asserting in effect that the trial court, and this court, can take judicial notice of all cases which come before either. In support of this they cite Loeser v. Loeser, 50 Okla. 249, 150 P. 1045; Morgan v. Whitehead, 196 Okla. 402, 165 P. 2d 338; Schneider v. Decker, 144 Okla. 213, 291 P. 80. This proposition is not well taken. It is noted that in the case at bar there is no mention

in the petition or pleadings of any former cases involving the same parties or subject matter, and, therefore, we do not consider the cases cited in point. We think the petition should be read as though incorporating everything of which the courts are to take judicial knowledge, though not alleged, and that a court may take judicial notice of proceedings and records of cause before it, for they actually and constructively are before it; however, it cannot in one case take judicial notice of its records in another and different case, Robison v. Kelly et al., 69 Utah, 376, 255 P. 430, even though between the same parties or privies and in relation to the same subject matter. Oliver v. Enriquez, 16 N. M. 322, 117 P. 844, cited and approved in Morgan v. Whitehead, supra; 20 Am. Jur., Evidence, §87; 31 C. J. S., Evidence, §50 (c). It is the general rule that res judicata is an affirmative defense and must be pleaded and proved. Large v. Shively, 186 Wash. 490, 58 P. 2d 808; Schreier v. Veglahn, 56 S. D. 125, 227 N. W. 487; Am. Jur. §87, supra; 31 C. J. S. §50 (c), supra.

Generally, in passing on a demurrer to a petition, all allegations of the petition, together with all inferences that may reasonably be drawn therefrom, are taken as true, but a demurrer only raises questions of law as to the sufficiency of the pleading, apparent on the face of the pleadings. It does not present issues of fact, which must be raised by proper plea or answer. 41 Am. Jur., Pleading, §207; Farmers & Merchants National Bank v. Lee, 192 Okla. 9, 132 P. 2d 931.

In their brief defendants not only refer to other cases, but quote evidence from the records in another case, and presumably this was done in the trial court, but the court in ruling upon a demurrer has no right to go outside the pleadings for information and consider matters or evidence dehors the record, but must base its ruling wholly and entirely upon the language of the pleadings. 41 Am. Jur., Pleading, §208.

Defendants contend under propositions II and IV that the action is barred by the statute of limitations, relying on Title 12 O. S. A. §§93 and 95 in support thereof. But where, as in this case, the petition to cancel the mineral deed does not show on its face that the cause is barred by the statute of limitations, a demurrer on that ground should be overruled.

Defendants under proposition III urge and argue that intoxication of plaintiff is no defense, even conceding that plaintiff was intoxicated, and therefore incompetent and did not recognize his acts at the time he executed the mineral deed conveying all his interest to the Three-In-One Oil & Gas Company, it was his duty to have rescinded same within a reasonable time after the recovery of his senses. Citing and relying on Deasy v. Taylor, 39 Cal. App. 235, 178 P. 538; Taylor v. Koenigstein, 128 Neb. 809; 260 N.W. 544; Coody v. Coody, 39 Okla. 719, 136 P. 750; Miller v. Howard, 76 Okla. 237, 184 P. 773; Tindel v. Williams, 187 Okla. 482, 103 P. 2d 551. We have carefully considered these cases and find nothing in them in conflict with the allegations in plaintiff's petition, wherein he alleged, among other things, that within a period of two years after learning of the facts relative to the conveyance to the Three-In-One Oil & Gas Company, he brought action to cancel same, which, if true, would be within a reasonable time.

Defendants contend under proposition V that plaintiff's action is barred by laches, asserting that the petition on its face indicated that plaintiff has not acted promptly; that 15 O. S. A. §235 requires plaintiff to have acted with reasonable promptness and diligence; that for 22 years the plaintiff remained silent and never sought to exercise control or dominion over said minerals, or in any manner interfered with the ownership thereof in the Three-In-One Oil Company, his grantee, or its successor in title, L. R. Bradshaw; that his only excuse for waiting until August 27, 1948, as alleged in his petition, is that he was intoxicated at the time of executing the mineral deed conveying all the minerals in said lands to said Oil and Gas Company on January 21, 1926, therefore, was incompetent and did not know the nature of the instrument he signed. We note that section 235, supra, requires that a person must rescind promptly upon discovering the facts which entitle him to rescind. Applying this rule to plaintiff's allegations, which are admittedly true under the demurrer, the action is not barred by laches.

Defendants' sixth and last proposition is as to whether or not title can be passed to a dissolved, defunct and dead corporation. Plaintiff alleged that the Three-In-One Oil and Gas Company was dissolved, defunct and had ceased to exist at the time the mineral deed was executed to it as grantee, and the deed was therefore void. Assuming, as we must under the rules applicable to a demurrer, that alleged facts are true, we are confronted with the elementary rule that there must be a grantor and a grantee in order that there may be a valid deed, and the grantee must have a legal existence, 26 C. J. S., Deeds, §13; Klorfine v. Cole et al., 121 Ore. 76, 252 P. 708; Klorfine v. Cole et al., 121 Ore. 76, 252 P. 708, 254 P. 200, and since the corporation under the pleadings had ceased to exist, no corporate powers could be exercised by it except the winding up of its affairs. 13 Am. Jur., Corporations, §1344.

It is contended by defendants under this proposition that plaintiff is estopped to deny the existence of the corporation or its corporate powers, asserting that this can only be done by the state. This rule is not applicable to an admittedly dissolved or dead corporation. The doctrine of "estoppel" to deny a corporate existence may not be invoked unless the corporation has at least a de facto existence. Puro Filter Corporation of America v. Trembley, 266 App. Div. 750, 41 N. Y. S. 2d 472. A grantee being necessary to a conveyance, a conveyance to a nonexist-

ing corporation may, like a conveyance to a fictitious person, be of no effect, and the grantor is not estopped from avoiding his deed by showing that the supposed corporation did not exist. 13 Am. Jur., Corporations, §68.

We are of the opinion that the trial court erred in sustaining the demurrers to the petition as amended. The cause is reversed, with directions to vacate the order, reinstate the action, and require the defendants to further plead or answer.

DAVISON, C.J., and WELCH, CORN, and LUTTRELL, JJ., concur. GIBSON, J., dissents.