Earl **HERMAN** et al., Plaintiff,

v.

**UNITED AIR LINES**, Inc., Defendant.

Carolyn J. H. **OFFICER**, Plaintiff,

v.

**UNITED AIRLINES**, Inc., Defendant.

Civ. A. Nos. 5380, 5381.

United States District Court
D. Colorado.

Dec. 11, 1957.

Kripke & McLean, and Kenneth N. Kripke, Denver, Colo., for plaintiff.

John P. Beck, Denver, Colo., for defendant.

ARRAJ, District Judge.

At a hearing, originally set as a pre-trial conference, the two above cases were consolidated for trial to the Court; and at that hearing it was determined that before a pre-trial conference should be held in these actions, the three following legal questions, submitted by counsel, should be determined by the Court:

A. Is the doctrine of res ipsa loquitur applicable to the within actions?

B. Should the evidence at the trial be limited to the manner of the negligence of the pilot or co-pilot only?

C. Should the Court take judicial notice of the pleadings in any other action in this Court arising out of the same air-crash which is the subject matter of these two cases?

Counsel submitted simultaneous briefs in support of their respective positions; and in plaintiffs' brief they conceded, for the purposes of these cases, that the evidence should be limited to the matter of the negligence of the pilot or co-pilot only. Therefore, the Court will answer "B" above in the affirmative.

In order to determine the applicability of the doctrine of res ipsa loquitur to the within actions, it appears advisable to refer to the pleadings as filed. The pleadings in each of the two cases are almost identical (with the exception of the names of the parties plaintiff); and in this discussion references will be made to one complaint, but the matters discussed will be equally applicable to both complaints. The original complaint was filed in the District Court of the City and County of Denver, Colorado, and, on timely application by the defendant, was removed to this Court. The original complaint named United Airlines, Inc., a foreign corporation, and John Gilbert Graham as defendants. The first claim in that complaint sought relief against United Airlines, Inc. and the second claim sought relief against John Gilbert Graham. Paragraph 3 of said second claim is as follows:

"That on said date, in the State of Colorado, as a result of the malicious, willful, illegal and wrongful act of the defendant, John Gilbert Graham, the said airplane crashed or was caused to crash, causing the death of said Vernal V. Herman."

Plaintiff filed a motion to remand the action to the State Court and that motion was granted insofar as it pertained to the defendant Graham and was denied as to defendant United Airlines, Inc.; defendant United Airlines, Inc.'s motion to dismiss was granted and plaintiff then filed an amended complaint naming only United Airlines, Inc., a foreign corporation, as defendant. That complaint consists of two claims, one based on ordinary negligence while running, conducting or driving the said airplane and the other claiming a defect or insufficiency in the operation of the airplane: No mention whatever is made of John Gilbert Graham in the amended complaint.

The doctrine of res ipsa loquitur has heretofore been applied by courts to airplane crashes in many cases; and it probably is the general rule that the doctrine does apply in instances where a commercial aircraft under the exclusive control of an airline company, crashes from no apparent cause.

However, in the case at bar, it appears from the second claim of the original complaint, as filed by the plaintiff, that the injury sustained may have been caused by the malicious, willful, illegal and wrongful act of one John Gilbert Graham, who was in no way connected with the defendant, United Airlines, Inc. It would therefore seem that the plaintiff had some knowledge that the airplane crash was caused by an "intervening force", i. e. the acts of one John Gilbert Graham. In such an instance, the doctrine of res ipsa loquitur would not apply. Although there is no reference to John Gilbert Graham in the amended complaint (upon which the case will be tried), the superseded or amended original complaint may probably be admitted in evidence under the theory that it contains an admission against interest. See Bowes v. Cannon, 50 Colo. 262, 116 P. 336. State Farm Mutual Auto Insurance Co. v. Porter, 9 Cir., 186 F.2d 834, 52 A.L.R.2d 515. See also extensive annotation in 52 A.L.R.2d 516 et seq. And in that event, the doctrine of res ipsa loquitur would not be applicable.

As to the matter of "judicial notice", it is noted that as originally submitted, this subject was limited to "judicial notice of the pleadings and other actions in this Court arising out of the same air crash but involving different parties". However in the defend-

ant's brief, counsel also submitted an argument supporting his contention that the Court should take judicial notice of such pleadings and also that "the fact that John Gilbert Graham caused the airplane crash is a matter of common knowledge known to the Court" and the Court should therefore take judicial notice of that fact. It is undoubtedly true that John Gilbert Graham's participation in the terrible tragedy which caused the deaths, for which redress is sought in the within actions, was highly and thoroughly publicized through the media of the press, radio and television in the Denver area; and no doubt considerable publicity was given to the incident in other parts of the country. Also, it is a matter of common knowledge that the said John Gilbert Graham was convicted of murder as a result of the said plane crash; nevertheless, those facts are not the type of "matters of common knowledge" of which Courts can and do take judicial notice when sought to be applied in Court actions such as the ones at bar.

 Also, this Court should not take judicial notice of the pleadings in other actions in this Court involving the same accident but involving different parties. It appears that there is pending in this Court an action entitled James Fitzpatrick v. United Airlines, being Civil Action 5566. In that action plaintiff pleaded, alternatively, that the crash of the airplane was caused by the intentional act of one John Gilbert Graham, and that the defendant, United Airlines, was negligent in failing to take proper and reasonable precautions to protect the passengers against the kind of act committed by said Graham. The defendant by his answer admitted that the crash of the airplane was caused by the intentional act of said Graham. The Fitzpatrick case has no relation to the cases at Bar with the exception of the fact that it arises out of the same airplane crash. The great weight of authority supports the view that the Court cannot take judicial notice of an allega-

tion contained in the pleadings in an entirely different action.

In 20 Am.Jur., page 105, is the following language:

"In the trial of a case before it, a Court ordinarily will not, upon either its own Motion or suggestion of counsel, take judicial notice of the records, judgments, and orders in other and different cases or proceedings, even though such cases or proceedings may be between the same parties and in relation to the same subject matter."

Certainly, if Courts will not take judicial notice of the records, judgments, and orders in other cases between the same parties and relating to the same subject matter, the Court should not take judicial notice of allegations contained in the pleadings filed in the same Court by a stranger.

In the case of James v. Unknown Trustees, 1950, 203 Okl. 312, 220 P.2d 831, 833, 20 A.L.R.2d 1077, the Oklahoma Supreme Court observed that a Court:

"* * * cannot in one case take judicial notice of its records in another and different case, Robison v. Kelly, 69 Utah 376, 255 P. 430, even though between the same parties or privies and in relation to the same subject matter. Oliver v. Enriquez, 16 N.M. 322, 117 P. 844 * * * 31 C.J.S. Evidence § 50(c)."

An appropriate order should be entered and incorporated in the pre-trial order in this case determining that:

1. The doctrine of res ipsa loquitur is not applicable in the within action,

 2. Evidence on negligence at the trial is limited to the matter of the negligence of the pilot and co-pilot only and,

3. The Court will not take judicial notice of (a) the alleged fact that it is common knowledge that John Gilbert

Graham caused the air crash nor (b) of the pleadings in other actions in this Court arising out of the same air crash which is involved in the within actions.