**Albert Bruce COSTON, Appellant,**

v.

**Fred W. KAMP, Jr., Conservator of the Estate of Clara H. Coston, Appellee.**

**No. 48124.**

Court of Appeals of Oklahoma,
Division No. 2.

March 23, 1976.

Rex D. Brooks, Oklahoma City, for appellant.

George Camp, Oklahoma City, for appellee.

BRIGHTMIRE, Judge.

Are the allegations made by plaintiff sufficient, if true, to entitle him to recover from his mother's estate for the value of the care he bestowed upon her? If so, then the trial court should not have sustained a general demurrer and dismissed the action as it did.

I

In his petition, filed on November 25, 1974, plaintiff alleges that he "gave up his own home and career" and performed certain personal services for his 88-year-old mother, Clara H. Coston, from April 11, 1971 to October 4, 1974. He further pleaded that the services were performed at his mother's request coupled with a promise to pay for them and that the reasonable value of such services is $67,550, none of which has been paid except $150 by the rebellious defendant conservator, upon whom a "legal demand has been made." Plaintiff adds, however, that his mother is entitled to a setoff of $42,150 for room and board furnished him, as well as the previous payment of $150, leaving a net amount due of $25,400.

On December 16, 1974, defendant filed an instrument containing a "Motion To Transfer," a "Motion To Dismiss," and a "Demurrer." The second motion was in reality an answer and alleged that plaintiff had been appointed conservator of Clara H. Coston's estate on September 20, 1973, in Case No. P–73–1788, pending in the District Court of Oklahoma County, the record of which was incorporated by reference. A further allegation was that plaintiff served as conservator until May 20, 1974, when he was found to be unfit, removed, and replaced by defendant. Fol-

lowing this, continued the answer, plaintiff filed an accounting for his term as conservator. Because it contained no claim for the value of services rendered such as alleged in his petition, defendant concludes plaintiff has waived his claim and is therefore estopped from now asserting it. The demurrer "adopts" the allegations of the motion to dismiss and says the petition fails to state a cause of action against defendant because it conflicts with 58 O.S. 1971 §§ 351, 803, 804.[1]

On December 20, 1974, the motion to dismiss and demurrer were heard and sustained after "the Court . . . considered the arguments of counsel and . . . inspected the file in Case No. P–73–1788 of the District Court of Oklahoma County incorporated in the Motion to Dismiss by reference . . .."

## II

As plaintiff points out, "[t]he only question to be determined . . . is whether appellant's petition filed in the trial Court states a cause of action sufficient to withstand a demurrer."

This record reveals that plaintiff petitioned the court to appoint him conservator of his mother's estate. With his mother's consent such appointment was made on September 20, 1973. On April 29, 1974, plaintiff submitted his final account as conservator and petitioned the court to discharge him for the reason his ward had become able to manage her property herself.

After receiving notice of this, plaintiff's sister, Bonnie Kamp, filed an objection to the final account and to the termination of the conservatorship and asked the court to remove her brother as conservator for mismanagement of the estate. On May 20, 1974, the court ordered the continuation of the conservatorship, the removal of plaintiff as conservator, and the appointment of defendant as successor conservator.

Two days later plaintiff was cited for contempt of court for his failure to surrender an estate asset, namely, certain stock certificates. A few days after this, plaintiff's wife was also cited for contempt for allegedly converting to her own use $4,172, knowing they were proceeds from the sale of stock belonging to her mother-in-law— an amount surcharged against plaintiff. Eventually, he repaid the surcharged amount to his mother's estate, and shortly after doing so filed in the conservatorship proceedings a claim for $25,550 as the value of services rendered his mother from April 1, 1971 to October 1, 1974. This was on November 12, 1974.

Treating defendant's motion to dismiss as an answer the question arises as to whether the court was authorized to pass on the demurrer which is combined

---

1. 58 O.S.1971 § 351 states as follows:
"If the executor or administrator is a creditor of the decedent, his claim, duly authenticated by affidavits, must be presented for allowance or rejection to the judge of the county court, and its allowance by the judge is sufficient evidence of its correctness, and it must be paid as other claims, in due course of administration. If however, the judge rejects the claim, action thereon may be had against the estate by the claimant, and summons must be served upon the judge of the county court, who may appoint an attorney at the expense of the estate, to defend the action. If the claimant recover no judgment, he must pay all costs, including defendant's attorney's fee."
58 O.S.1971 § 803 states as follows:
"Every guardian appointed under the provisions of this article, whether for a minor or any other person must pay all just debts due from the ward out of his personal estate and income of his real estate, if sufficient; if not, then out of his real estate, upon obtaining an order for the sale thereof, and disposing of the same in the manner provided by law for the sale of real estate of decedents."
58 O.S.1971 § 804 states as follows:
"Every guardian must settle all accounts of the ward, and demand, sue for, and receive all debts due to him, or may, with the approbation of the county judge, compromise or compound for the same and give discharges to the debtors on receiving a fair and just settlement of such claim; and he must appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose as guardian or next friend."

with the answer? We hold it was since an objection to the court's jurisdiction or an attack on the petition for failing to state a cause of action may be raised at any time. *Antene v. Jensen,* 47 Okl. 352, 148 P. 727 (1915); 12 O.S.1971 § 269.[2]

A second threshold question is whether the court, in passing on the demurrer, could lawfully consider the record in the conservatorship proceedings? Plaintiff argues that "[t]he trial court cannot go outside the pleadings for information or consider matters or evidence dehors the record, in ruling upon a demurrer, but must base its ruling wholly upon the language of the pleadings," citing *James v. Unknown Trustees, etc.,* 203 Okl. 312, 220 P.2d 831, 20 A.L.R.2d 1077 (1950). In *James* it was held that judicial notice would not be taken of records in another case in the same court for the purpose of passing on the sufficiency of plaintiff's petition to which defendant had demurred on the grounds (1) it failed to state a cause of action but (2) if it did the cause had been previously adjudicated in an earlier lawsuit.[3]

In view of the disposition we make of the primary issue in this case it becomes immaterial whether the *James* holding is applicable or not, because we can find no statutory requirement that plaintiff had to file his claim before or at the time his final account in the conservatorship was approved. Conservatorship proceedings are governed by 58 O.S.1971 §§ 890.1–.11. These statutes vest in conservators the same powers and duties as are vested in guardians of incompetents by 58 O.S.1971 §§ 761–887. Guardians in turn have a duty under § 872 to render an account annually for "settlement and allowance," and such proceedings, according to § 833, shall be "as provided and required

by the provisions of law concerning the estates of decedents unless otherwise specifically provided herein." Thus, as noted in *Swift v. McKinney,* 123 Okl. 1, 251 P. 734 (1926), there "is no specific provision in the chapter on guardian and ward for the ultimate settlement of a disputed claim against the estate of an incompetent person in the event the same be finally established."

Under these circumstances we are without a basis for holding that plaintiff's failure to file a claim (presumably with the court) for the pay he now seeks before being discharged as conservator bars this action. Certainly neither a theory of estoppel nor some statutory bar arising from the conservatorship statutes provide such a basis.

No reason occurs to us why all parties are not fully protected by applying general law to the lawsuit. The oral contract sued upon will be governed by the three-year statutory period prescribed in 12 O.S.1971 § 95(2), while the fact of failing to file a claim earlier than he did may have probative materiality with reference to the viability of plaintiff's claim.

Finally, there remains to be considered defendant's last contention—whether plaintiff's petition sufficiently alleges presentation of his claim to the conservator? We think it does.

The exact language of the petition is "[t]hat legal demand has been made upon the defendant as conservator of her estate, but said sum of money has not been paid and he refuses to pay same." It is defendant's contention that this statement is a legal conclusion unattended by allegations of fact and is therefore not admitted by demurrer, citing *Weston v. Acme Tool, Inc.,* Okl., 441 P.2d 959 (1968). Further, argues

2. 12 O.S.1971 § 269 reads:
   "When the defects do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the juris-

diction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

3. *Morgan v. Whitehead,* 196 Okl. 402, 165 P.2d 338 (1946); *Corliss v. Davidson & Case Lumber Co.,* 183 Okl. 618, 84 P.2d 7 (1938).

defendant, in the absence of allegations showing compliance with 58 O.S.1971 § 341 [4] plaintiff's petition is insufficient.

■ If we assume § 341 is applicable here, then all plaintiff need allege is presentation and rejection of his claim to ward off a general demurrer. *Pfleider v. Smith*, Okl., 370 P.2d 17 (1962); *Fluke v. Douglas*, 158 Okl. 300, 13 P.2d 210 (1932). And under our policy of liberally construing a petition when attacked by a demurrer, plaintiff's allegations of demand and refusal are sufficient to satisfy the requirements of § 341. *Employers Cas. Co. v. Ideal Cement Co.*, Okl., 511 P.2d 1090 (1973).

■ Moreover, the claim's format was also sufficient. It set out a description of the services plaintiff rendered over a stated period of time, their values, and the total amount demanded to which he subscribed and swore. This was enough. In *Hamilton v. Blakeney*, 65 Okl. 154, 165 P. 141 (1917), the court said: "The claim against an estate . . . need not be in any particular form. If it advises the administrator or executor of the nature of the claim and the amount demanded and shows enough to bar another action for the same demand, it is sufficient."

We hold plaintiff's petition states a cause of action. The order of dismissal is therefore reversed and the cause remanded for further proceedings.

BACON, P. J., and NEPTUNE, J., concur.

4. 58 O.S.1971 § 341 states as follows: "No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator."