Paul G. LIEBMANN, III, Carol LaRue
Liebmann, Tyra Kay Liebmann and
Paul G. Liebmann, II, Appellants,

v.

FIDELITY BANK, N. A., a national
banking corporation, Appellee.

No. 53938.

Court of Appeals of Oklahoma,
Division No. 2.

Sept. 22, 1981.

Released for Publication by Order of Court
of Appeals Nov. 22, 1981.

Paul E. Quigley, Oklahoma City, for appellants.

Eric J. Groves, Jernigan, Groves, Bleakley & Tague, Oklahoma City, for appellee.

BRIGHTMIRE, Judge.

Was the summary adjudication favoring defendant in this damage suit legally warranted? We hold it was not and reverse.

I

The plaintiffs consist of Paul Liebmann, II, and his three children. In a petition filed December 12, 1977, they allege that Blue Star Ice Co. borrowed $17,500 from defendant, Fidelity Bank, N. A. on February 15, 1974. The loan was secured by various items of personal property and a guaranty executed by Liebmann, II. On September 18, 1974, the bank also required Liebmann, II, to execute a considerationless collateral agreement as additional security for the Blue Star loan, and to deliver 12,500 shares of Welltech, Inc. stock as collateral for the guaranty. Liebmann, II, advised the bank at the time that the equitable ownership of the stock was vested in his three children—Paul G. Liebmann, III, Carol LaRue Liebmann, and Tyra Kay Liebmann—the other three plaintiffs.

It was further alleged that Blue Star defaulted and, despite the fact Blue Star had itself pledged adequate property to secure the debt, the bank sold 10,000 shares of the stock for $1.75 a share on December 13, 1974, without notice to or authority from Liebmann, II, and, in fact, contrary to an oral agreement he had with the bank. Of the amount received, the bank applied $16,-000 to Blue Star's principal debt, $1,051.11 to interest, $154.59 to the attorney for the defendant bank and, had a balance of $294.30 left. Plaintiffs concluded that because of the bank's wilful and unlawful act they had been damaged in the amount of $185,000.

The bank's answer contained only a general denial as did plaintiff's reply.

With the issues thus joined, the bank filed a motion for a summary judgment stating it was entitled to one "for the following reasons:"

First, it said, "This action was released and satisfied by the Plaintiff Paul Liebmann, II, on February 7, 1975, and that release bars this suit."

Secondly, the bank said the "action is barred by the decision of the Court in an action in replevin dated December 12, 1974, in Case No. CJ–74–4273, Oklahoma County District Court, which decision is res judicata."

Thirdly, it asserted, "There exists . . . no substantial controversy as to any material fact in this case." And the bank added, "The only fact in dispute is not material to the outcome of the litigation, and testimony as to that fact is inadmissible anyway."

Fourthly, it claimed, the plaintiffs, except Liebmann, II, have "never had any right, title, interest or claim in the subject matter hereof and are not proper parties . . . ."

After the trial judge sustained the motion and dismissed the lawsuit this appeal was lodged.

## II

The bank's motion for summary judgment should have been entitled "Answer and Demurrer" and treated as such.

Given the posture of the case pleadingwise, it is apparent that the bank's premature pursuit of a summary adjudication was based on defensive matters it had not pleaded and which therefore had not yet had a chance to ripen into judicable issues in the case.

■ As can be seen, the bank in reality is offering two defenses as bases for summary judgment, the first being an alleged release of plaintiff's cause of action. It is elementary, however, that if a satisfaction and release of a cause of action is to become a defense it must be pleaded and proved, and if it is not pleaded, it is deemed waived and evidence of it is inadmissible at trial.[1]

■ The same can be said of the second defense mentioned, the res judicata theory. Here again, res judicata, if it is to be invoked as a defense, must be alleged and proved with certainty.[2] The defense cannot even be raised by a general demurrer.[3]

This case affords dramatic proof of the problems attendant upon departure from the statutory scheme of creating justiciable issues. Without the parties apparently realizing it, their arguments are directed at nonexistent issues—issues which could have been created in an answer and a reply but were not. Hence we find the appealing plaintiffs seeking reversal on the basis of what could have been antidefense pleas in their reply had the defenses been raised in the bank's answer. Among other things plaintiffs argue that there was no consideration for the unpleaded release, and that it was extracted as part of an unrelated transaction involving a tender of the balance due on Blue Star's note by a third party. According to plaintiffs, the bank took the occasion to refuse the tendered payment unless Liebmann, II, first signed a release.

We decline to pass on the merits of the argument at this stage for obvious reasons. We will say, however, that if and when such issues are properly raised, and appropriate legal challenges are made by either party to defenses or replies, the trial judge should give serious attention to plaintiffs' failure of consideration argument. And if it is urged by one of the parties the trial court might want to inquire into whether the bank exercised some form of legal duress on Liebmann, II, in achieving the release.[4]

**1.** *Albert & Harlow, Inc. v. Fitzgerald*, Okl., 389 P.2d 994 (1964).

**2.** *Kelley v. Kelley*, Okl., 447 P.2d 774 (1968); *James v. Unknown Trustees*, 203 Okl. 312, 220 P.2d 831, 20 A.L.R.2d 1077 (1950).

**3.** *Whitson v. City of Pauls Valley*, 182 Okl. 306, 77 P.2d 711 (1938).

**4.** For various application of the principal see *Ingram v. Lewis*, 37 F.2d 259, *cert. denied* 282 U.S. 842, 51 S.Ct. 22, 75 L.Ed. 747, 70 A.L.R. 702 (CA Okl. 1930) and the cases discussed in the annotation.

### III

The judgment appealed is therefore reversed and the cause is remanded with directions to overrule the bank's motion for summary judgment and proceed with the case according to law.

BACON, P. J., and BOYDSTON, J., concur.