## COLLUM v. STOKES, Adm'x.

No. 18809. Opinion Filed Nov. 11, 1930.

Rehearing Denied Dec. 16, 1930.

Ames, Cochran & Ames, Russell G. Lowe, and Roscoe Bell, for plaintiff in error.

W. R. Withington and Twyford & Smith, for defendant in error.

CLARK, J. This cause presents error from the district court of Oklahoma county. The plaintiff in error was defendant below and defendant in error was plaintiff below For convenience, the parties will be referred to as they appeared in the trial court.

The plaintiff filed this suit as administratrix of the estate of her deceased husband, J. D. Stokes. The petition stated two causes of action: (1) For injuries received by J. D. Stokes from which he suffered during his lifetime; (2) for the death of J. D. Stokes. The cause came on for trial and defendant pleaded settlement of the first cause of action, and verdict of the jury and judgment thereon was entered for defendant in both causes of action.

The cause was appealed to this court and affirmed as to the first cause of action and reversed and remanded as to the second cause of action. Plaintiff alleged in her second cause of action, in substance, that J. D. Stokes was employed as a salesman and deliveryman by the defendant; that in performing his duties as a salesman he was furnished a wagon for the delivery of the goods, wares, and merchandise sold; that defendant failed to furnish said J. D. Stokes a reasonably safe place to work and reasonably safe appliances to be used by him in the business for which he was employed; that the wagon which was furnished by the defendant to the deceased was old, worn, run down, and dilapidated and the same was top heavy; that the wagon so furnished deceased was defective, unsafe, and dangerous; that the right front wheel was out of alignment and wobbled considerably.

The petition further alleged that while the deceased was engaged in this occupation the wagon turned over, resulting in an injury to the said J. D Stokes, from which he suffered and died. A demurrer was filed to the petition. The demurrer was overruled, to which action of the court defendant excepted. The answer was filed by defendant, consisting of a general denial, assumption of risk, and that J. D. Stokes had settled the cause of action during his lifetime.

The trial was had to a jury and verdict returned for plaintiff. Judgment was entered thereon and motion for new trial filed, heard, and overruled. The defendant brought the cause here for review.

The first assignment of error in defendant's brief is that the court erred in overruling and not sustaining the demurrer of Dennis P. Collum to the petition of defendant in error. This was presented to this court in a former appeal, and is reported, Stokes v. Collum Commerce Co., 120 Okla. 133, 252 Pac. 390, which adjudicated and held that the plaintiff's petition, embracing the second cause of action, stated a cause of action. This is the law in this case, and the contention of plaintiff in error is without merit.

It is next contended that the court erred in overruling and not sustaining the demurrer of plaintiff in error to the evidence of defendant in error. The evidence was sufficient to sustain the finding and judgment of the court, and the court did not err in overruling the demurrer of plaintiff in error

It is next contended that the court erred in permitting defendant in error to amend her petition over the objection and exception of plaintiff in error at the time of the argument on the motion for new trial. The amendment consisted of alleging that she was the widow and that Mr. Stokes left surviving him five dependent children. The record discloses that nearly four years elapsed between the time the petition was filed and application was made to amend the petition. It is the contention of plaintiff in error that this amendment was the statement of a new cause of action and therefore barred by the statute of limitations.

Sections 318 and 319, C. O. S. 1921, provide:

"Section 318. The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment.

"Section 319. The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

From the foregoing sections, it will be seen that a very wide latitude is given the trial court in permitting such amendments to the pleadings as is, in its discretion, deemed proper. The amendment in the instant case does not change substantially the claim or defense and is authorized by section 318, supra. The court was authorized to permit the amendment to conform to the proof offered in the case. This rule was announced in U. S. Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 Pac. 834, and is supported by the authorities cited therein.

The court did not err in permitting the amendment. It is next contended that the court erred in rejecting the testimony of Dr. Ray M. Balyeat. Plaintiff and defendant had rested and defendant asked to reopen the case to permit one witness to testify. The court reopened the case and permitted the witness to testify, and when additional witnesses were offered the court refused to admit the testimony of the additional witnesses. It was within the discretion of the court to reopen the case for further testimony, and when the court reopened the case for further testimony, it was within its discretion to limit that testimony to the one witness, and, in view of the testimony offered, we are of the opinion that the court did not abuse its discretion in rejecting the same. The court announced this rule in Federal Life Ins. Co. v. Whitehead, 73 Okla. 71, 174 Pac. 784. The first paragraph of the syllabus reads as folows:

"A request to reopen a case for the introduction of additional evidence is addressed largely to the sound discretion of the court, and its ruling thereon will not be disturbed by the appellate court, unless it clearly appears that the trial court abused its discretion."

It is next contended by defendant, plaintiff in error, that the court erred in giving instructions Nos. 7 and 12 to the jury. Paragraph 7 of the general instructions to the jury reads as follows:

"7. You are instructed that if you find and believe from the evidence that the deceased, J. D. Stokes, was employed by the defendant and that in the pursuance of the said employment and in the prosecution of the affairs about which he was employed he used a certain wagon provided by the defendant and that because of the negligence of the defendant in failing to exercise ordinary care to furnish a reasonably safe wagon to deceased with which to work and to carry out the purpose of his employment or failed to exercise ordinary care in repairing the same and keeping it in reasonably safe repair and condition, your verdict should be for the plaintiff."

Plaintiff in error contends that instruction No. 7 would have been correct had the court further instructed the jury that if they found and believed from the evidence that by reason of the carelessness and negligence of the defendant the plaintiff was injured, then it would have been a correct exposition of the law. Three things are necessary to constitute actionable negligence: First, duty; second, breach; and third, injury. There may be a duty and there may be negligence, but unless the negligence is the cause of the injury no actionable negligence exists. This is a correct statement of the law, and instruction No 7, standing alone, would be erroneous.

An examination of the instructions, as a whole, given to the jury by the court on this particular phase of the case discloses that the court instructed the jury not to select any one of the instructions, but to take them all together as a whole.

In paragraph 3 of the court's instructions to the jury the court said:

"3. You are further instructed that the mere fact that the accident occurred, resulting in the injuries and damages complained of, carries with it no presumption of negligence or liability upon the part of the defendant, but the burden is upon the plaintiff to prove by a preponderance of the evidence the negligence alleged in his petition and that such negligence was the direct and proximate cause of the accident."

Paragraph 5 of the court's instructions to the jury, which is as follows, correctly stated the law:

"5. You are further instructed that for negligence to be the proximate cause of an accident, such accident must be the natural and probable result from such negligence."

In paragraph 10 of the court's instructions to the jury the court states that the jury must find that the defective condition of the wagon was the proximate cause of said wagon turning over, and that deceased was injured thereby, which injury resulted in his death. That presents the question complained of in instruction No. 7.

The instructions, taken as a whole, fairly and clearly stated the law in the case. While instructions Nos. 7 and 12, standing alone, would be erroneous, yet the instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph clearly shows was not intended to be placed upon it.

It is true the instructions complained of did not go far enough, yet the omission was

supplied in subsequent instructions and the law omitted in the instructions complained of had been given in prior instructions.

We are therefore of the opinion that the instructions given, taken as a whole, clearly stated the law; and no prejudicial error occurred which would justify the reversal of this cause. This court has held in a number of cases that all instructions should be considered together and if, when considered as a whole, they state the law correctly and without conflict, they are sufficient although one or more, standing alone, might be incomplete.

An examination of the record discloses that this cause was presented to the jury on the issues joined by the pleadings; that the court clearly stated the law in its instructions to the jury; that the verdict of the jury is supported by sufficient evidence, and the judgment of the trial court is therefore affirmed.

MASON, C. J., and HUNT, RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HEFNER, J., absent.