DOYLE v. OKLAHOMA PRESS PUB. CO. et al.

No. 34679. Dec. 4, 1951.

Rehearing Denied Jan. 15, 1952.

Application for Leave to File Second Petition for Rehearing Denied April 1, 1952.

*242 P. 2d 155.*

L. W. Wiley, Muskogee, for plaintiff in error.

Chas. A. Moon, Muskogee, for defendants in error.

CORN, J. Plaintiff, John H. Doyle, sued to recover damages alleged to have resulted from defendants' publication, by their agent and editor, Stone, of libelous matter concerning plaintiff. The petition alleged publication of the libelous matter May 1, 1948, in the Muskogee Daily Phoenix, a newspaper of general circulation owned and published by the defendant corporation, which was under the ownership and control of the other named defendants. The first cause of action alleged malicious publication of false and defamatory matter personally damaging plaintiff; the second cause of action realleged these matters and sought damages for having thereby caused plaintiff's defeat while he was a candidate for public office.

Defendants' demurrer was overruled, and March 8, 1949, they answered admitting corporate existence, ownership and publication of the Daily Phoenix and that Stone was the editor and employee, but denying all other allegations. All allegations of the second count were denied except those admit-

ted as above set out. The case was set for jury trial June 23, 1949.

June 8, 1949, defendants moved to strike the case from the jury docket because publication was not in the Muskogee Phoenix as alleged, but in fact was in the Muskogee Times-Democrat; having answered denying the petition, plaintiff could not make proof, under the pleadings, of publication in the Times-Democrat, since the fact publication was not in the Daily Phoenix was a complete defense; if plaintiff should be permitted to amend defendants would be entitled to plead thereto and the defense would be different; or, if permitted to amend defendants could move to strike on the grounds the amendment would constitute a new cause of action. The cause was stricken and continued upon defendants' motion.

June 21, 1949, plaintiff was permitted to amend his petition to show the matter complained of had, in fact, been published in the Times-Democrat. Defendants moved to strike on the grounds the cause of action alleged constituted an entirely different action from that originally pleaded. This motion was overruled and defendants given time to plead. Defendants then demurred to the amended petition on the grounds both causes of action set forth therein were barred by the statute of limitations (12 O.S. 1941 §95 (4) ), since it appeared the article complained of was published May 1, 1948. Plaintiff moved to strike defendants' demurrer for the reason it was an answer, and that in their prior motion to strike defendants had raised the question that the amendment presented a new cause of action and so was barred by the statute of limitations, and that this question had been decided adversely to defendants.

The trial court overruled plaintiff's motion, and sustained defendants' demurrer as to both grounds of the petition. Upon plaintiff's election to stand upon his amended petition an order was entered dismissing same, and from such order plaintiff has appealed.

To sustain the correctness of the trial court's action defendants urge that each publication of an alleged libel gives rise to a separate cause of action; and that publication in two different newspapers constitutes separate causes of action, and pleading of one neither bars the pleading of the other, nor is pleading of one an amendment of the other. Decisions from several jurisdictions are cited in support of this contention. This argument is without substantial merit and the cited cases are inapplicable for the obvious reason that herein the plaintiff alleged only one publication of the alleged libelous matter. By the amendment it was not sought to show more than one publication, but only to amend the petition to correctly state the medium, or agency, whereby the alleged defamatory matter was published.

Determination of the question whether the amended petition alleged a new, distinct cause of action which was barred by the statute of limitation is dispositive of this entire controversy.

The general rule is that a trial court, in his own discretion, may permit any pleading to be amended in furtherance of justice. In this state such authority is granted the trial court by statute, 12 O.S. 1941 §317. The basis for such rule is that, insofar as possible, every case should have a speedy determination upon its own facts, in order to do substantial justice to the litigants. 34 Am. Jur., Limitation of Action, §261; Motsenbocker v. Shawnee Gas & Elec. Co., 49 Okla. 304, 152 P. 82, L.R.A. 1916B, 910. The controlling test governing the propriety of permitting amendments to the petition should be whether the ends of justice will be promoted by such amendment. Securities and Exchange Comm. v. Universal Service Ass'n, 106 F. 2d 232; cert. den. Universal Service Ass'n v. Securities & Exch. Comm., 60 S. Ct. 378, 308 U.S. 622, 84 L.Ed. 519.

The principal limitations upon the rule are that the amendment must relate to the time, or prior thereto, of filing of the petition, and it must not

256

state a new cause of action. It is at this point that difficulties arise and differentiations are made as each new, varied situation is presented. In 41 Am. Jur., Pleading, §304, it is said:

"All that is required is that a wholly different cause of action shall not be introduced, especially after the statute of limitations has become a bar. An amendment presupposes a change in something existing, not a substitution of something else for that which has been stated. In determining whether a wholly different cause of action is introduced by the amendment, technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant shall not be required to answer a wholly different legal liability or obligation from that originally stated. The test is not whether, under technical rules of pleading, a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant. Clearly, a pleading may be amended provided the original cause of action or ground of defense remains the same."

These principles were recognized in the Motsenbocker case, supra. The rules governing the amendment of pleadings and the limitations applicable thereto obtain in actions for libel and slander. 33 Am. Jur., Libel and Slander, §235.

The decisions dealing with the right to amendment, and the tests applied in determining whether an amendment in a particular instance states a new cause of action, are so numerous as to preclude citation or discussion. Code pleading resulted from an aversion to seeing meritorious claims defeated by employment of technicalities. Elliott v. Mosgrove, 162 Ore. 507, 93 P. 2d 1070. And, wherever possible, great latitude should be allowed in the amendment of pleadings in order to save the cause of action from suffering the bar of the statute of limitation. Clinchfield R.R. Co. v. Dunn, Adm'x, 40 F. 2d 586, 74 A.L.R. 1276.

Seemingly, proper definition of a "cause of action" provides the basis for the adversity of opinion whether an amended petition states a new and separate cause of action. Such appears as the basis of the present controversy. A concise and practical definition of the term is found in the first syllabus of Blair v. Durham, 134 F. 2d 729, which states:

"A 'cause of action' is the unlawful violation of a right or failure to discharge a duty which facts show, and variety of facts alleged does not establish more than one cause of action so long as result is a violation of but one right by a single legal wrong."

In Friederichsen v. Renard, 38 S. Ct. 450, 247 U.S. 207, 62 L.Ed. 1075, it is pointed out that the cause of action is the wrong done, and not the compensation or the character of relief sought therefor. And, considered as a matter of substance, changing the statement of such wrong by an amended petition cannot, in any just sense, be considered as a new or different cause of action.

In the Motsenbocker case, supra, the opinion states:

"It appears to us that the Legislature has enjoined upon the courts of this state by positive enactment a liberal rule of procedure, authorizing amendments in furtherance of justice, when same do not substantially change the claim or defense, and we do not think we ought to adopt a policy that would defeat substantial justice by indulging in fine spun theories woven around technical rules of procedure or defects in pleadings that go to the form rather than the substance; and, where, as in this case, an amendment is not necessary to confer upon the court jurisdiction of the suit, and does not change the essential elements of the cause of action, but merely supplies an omission necessary to a good statement of the case pleaded, or furnishes an additional averment required to clothe the court with complete power to hear and make final disposition of the matter at issue, and to fully determine the rights of all parties in interest, we do not

think the plaintiff should be denied relief for that reason."

Measured by any test, the present situation resolves itself in the following manner: Plaintiff sued the defendants for publication of alleged libelous matter. By error, inadvertence, or otherwise, the petition alleged publication thereof by and through the medium the Muskogee Daily Phoenix, a newspaper owned by defendants. Subsequent to demurrer and answer by defendants the plaintiff obtained leave to amend his petition, in order to correctly allege the means of publication was, in fact, the Muskogee Times-Democrat, another newspaper owned by the defendants. Such amendment did not vary the substance of the wrong charged against defendants, nor did it enlarge any duty or liability which devolved upon them. The amendment went only to the form, and not to the substance of plaintiff's cause of action.

We are of the opinion the amended petition did not state a new or different cause of action, but, related back to the beginning of the action, so as to defeat defendant's plea of the bar of the statute of limitations. The trial court, therefore, erred in sustaining the demurrer and dismissing plaintiff's petition.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

HALLEY, V. C. J., and DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.