Yvonne **DEWAILLY**, Plaintiff in Error,

v.

**FIRST NATIONAL BANK OF COFFEY-VILLE, COFFEYVILLE, KANSAS,** Executor of the Estate of Marion Bennett, Deceased, Defendant in Error.

No. 38239.

Supreme Court of Oklahoma.

March 17, 1959.

Rehearing Denied May 12, 1959.

Houston, Klein & Davidson, Edmund Lashley, Tulsa, Daniel Bassett, Bartlesville, Lee Grigg, Tulsa, for plaintiff in error.

John M. Holliman, Chester A. Brewer, Bartlesville, Aubrey Neale, Coffeyville, Kan., for defendant in error.

BLACKBIRD, Justice.

This is an appeal by Yvonne Dewailly from an order of the district court of Washington County sustaining defendant's demurrer to her petition and striking her amendment to the petition and dismissing her cause of action.

The action was brought by plaintiff against the First National Bank of Coffeyville, Kansas, executor of the estate of Marion Bennett, deceased, to enforce an alleged oral contract by deceased to will to plaintiff a wife's share of his property in consideration of services to be rendered him by plaintiff during his lifetime.

The original petition, after alleging the death of Marion Bennett; the appointment of the First National Bank of Coffeyville, Kansas, as executor of his estate; the filing of a claim for one-half interest in the property of deceased, its disallowance by the executor and the county court of Washington County, Oklahoma, further alleges:

"Plaintiff alleges that in the year of 1946 she was a resident and citizen of Paris, France. During the First World War the plaintiff became acquainted with Marion Bennett, and after the cessation of hostilities, and after Marion Bennett's return to the United States, he, through the course of years and up through the year 1947, maintained a correspondence and contact with this plaintiff.

"In the year of 1946, Marion Bennett proposed to the plaintiff that she leave her home in Paris, France and come to the United States to make her home. As an inducement for the plaintiff to leave her established home in France and come to the United States, Marion Bennett promised that if she would do so, he would provide her with all of the necessities of life, and would in exchange for her companionship, provide her with an abundant life.

"The plaintiff accepted in good faith the promises and statements of Marion Bennett and left her home in France, and on or about the 22nd day of February, 1950, plaintiff arrived in Bartlesville, Oklahoma, the then home of Marion Bennett. After plaintiff's arrival in Bartlesville, Oklahoma, she assumed her duties as a companion of Marion Bennett and rendered to deceased, at his request, her services and advice in the conduct of his business affairs until his demise on the 25th day of September, 1956.

"After plaintiff's arrival in Bartlesville, Oklahoma, and upon the assumption of her duties as aforesaid, Marion Bennett re-stated his promises and agreements to provide for all the living expenses of the plaintiff and to provide her with an abundant life. As further consideration for the services rendered to Marion Bennett by the plaintiff, and

because of his professed love for the plaintiff, Marion Bennett promised to marry the plaintiff, and further promised and agreed to devise by will to this plaintiff so much of his property as she would be entitled to as his wife. The plaintiff fully and faithfully performed all of the obligations undertaken by her under the said promises and statements of Marion Bennett, and plaintiff accepted Marion Bennett's offer and promise of marriage, and stood ready at all times during the lifetime of Marion Bennett to marry him.

"Marion Bennett wholly failed and neglected to provide for the living expenses and for an abundant life for the plaintiff, and he wholly failed and neglected to fulfill his promise of marriage to the plaintiff; and that he wholly failed and neglected to devise by will to the plaintiff so much of his property as she would be entitled to as his wife.

"Plaintiff alleges that Marion Bennett left issue surviving him: a son, James Dean Bennett and by his will provided for distribution of his estate to the surviving son and to the three children of James Dean Bennett, namely: David Bruce Bennett, age 10; Elizabeth Jane Bennett, age 8 years; and Dee Ann age 4 years, and wholly failed and neglected to make provision for the plaintiff as he had promised and agreed to do.

"WHEREFORE, plaintiff prays for judgment for an undivided one-half interest of the estate of Marion Bennett, deceased, her costs and all other relief to which she is entitled."

The trial court sustained defendant's demurrer to this petition and plaintiff was given leave to amend. She thereafter, and on the 18th day of October, 1957, filed an amendment to her petition in which she alleged:

"On or about July of 1955, Marion Bennett suffered a general failure of health, which failure of health required that Marion Bennett be furnished with nursing care and domestic services and a more constant companionship than had been necessary prior to his failure of health. Marion Bennett did, on his failure of health as aforesaid, promise the plaintiff that if she would perform the services of nursing care, domestic service and more constant companionship, he would devise to plaintiff by his will so much of his property as she would be entitled to as his wife.

"Plaintiff accepted Marion Bennett's promises and in reliance thereon and in consideration of Marion Bennett's promise to provide for her by will as aforesaid, entered upon her duties in furnishing nursing care and domestic services and companionship. Plaintiff further alleges that in the performance of these duties she purchased, made, washed, ironed and repaired Marion Bennett's clothing; that she purchased and saw to his needs for personal items of clothing, toiletries and health; that she arranged and prepared food for him; that she made available to him and he used her home and its facilities when he came from his home in Bartlesville to Tulsa, Oklahoma, for medical care; that she arranged and made appointments with the doctors and took Marion Bennett to the doctors, and arranged and saw to his personal needs and comforts.

"Plaintiff alleges and states that she fully and faithfully performed all of the things requested of her by Marion Bennett, relying on his promise to provide for her by his will.

"Plaintiff further alleges that as a further consideration for her services and because of his professed love, Marion Bennett promised to marry the plaintiff and plaintiff accepted and stood ready at all times during the lifetime of Marion Bennett to marry him."

Defendant contends that the amendment to the petition substantially changes plaintiff's claim and cause of action pleaded in her original petition and pleads in the

amendment a new cause of action and that the amendment was not filed until the applicable statutory period of limitation had expired and such amendment is barred by limitation and the court therefore ruled correctly in striking the amendment.

Defendant does not cite the statute relied upon to sustain his contention. It, however, apparently relies upon Tit. 58 O.S. 1951 § 339. This section provides:

"When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

Counsel for plaintiff in the brief concede that the bar of the statute had fallen prior to the time the amendment was filed.

Plaintiff in her original petition alleges that her claim was disallowed by the county court on March 4, 1957. The record discloses that the amendment to the petition was filed on October 18, 1957, more than three months after plaintiff's claim was disallowed by the county court.

Assuming, without deciding, that the above statute applies, the bar of the statute had fallen prior to the time plaintiff filed her amendment to the petition.

Plaintiff, however, contends that the amendment did not substantially change her cause of action or claim relied upon in her original petition but was a mere amplification of the allegations stated therein and that the amendment therefore related back to filing of the original petition and was not barred by limitation. With this contention we agree. Plaintiff in her amended petition merely enlarges upon her claim set forth in the original petition. She merely set forth the exact date upon which the promise to make the will was made, cause and reason for entering into the agreement, and in greater detail alleged the services rendered in the performance of said contract.

Our statute Tit. 12 O.S.1951 § 317, is very liberal in the allowance of amendment to pleadings in order to promote justice and provides that an amendment may be to a pleading or answer where such amendment does not substantially change plaintiff's claim or defense.

We have, on different occasions, held where plaintiff's petition does not state facts constituting a cause of action as against a general demurrer an amendment may be filed after the period of limitations has become complete, if the facts alleged in the original petition are sufficient, when read in view of the amendment, to show that the amendment merely perfects an imperfect statement of the cause of action alleged in the original petition, and does not state a new or different cause of action; the amendment relates back to the filing of the original petition and the action is not barred by the statute of limitations. United States Fire Ins. Co. v. Whitchurch, 138 Okl. 182, 280 P. 834; Collum v. Stokes, 146 Okl. 176, 293 P. 1036; Ganas v. Tselos, 157 Okl. 107, 11 P.2d 751; and Doyle v. Oklahoma Press Pub. Co., 206 Okl. 254, 242 P.2d 155.

Under these authorities the amended petition related back to the time of the filing of the original petition and was therefore not barred by limitation.

It would appear from defendant's brief that the demurrer to the original petition was sustained on the ground that there was no consideration plead for the alleged promise of Marion Bennett to execute the will. This defect, however, has been cured by the amendment to the petition. The full and complete performance of the services agreed to be performed by plaintiff up until the death of Marion Bennett furnishes a sufficient consideration to support the agreement.

Defendant does not contend or argue in its brief that the petition as amended does not state a cause of action.

The right of plaintiff to recover will of course depend upon the evidence. As to whether she may, in any event, recover the

**1114**

exact relief prayed for in her petition as amended we at this time express no opinion. We simply hold that the trial court erred in striking plaintiff's amendment to the petition and dismissing her cause of action.

Judgment reversed and the cause remanded with directions to overrule the defendant's motion to strike and to reinstate the cause and to proceed with the trial on the merits.

DAVISON, C. J., and WILLIAMS, V. C. J., and WELCH, JOHNSON, IRWIN and BERRY, JJ., concur.

JACKSON, J., dissents.