Carlton E. SMITH, d/b/a Henryetta Hospital and Clinic, Plaintiff in Error,

v.

Emma MILLER, Defendant in Error.

No. 39099.

Supreme Court of Oklahoma.

Oct. 17, 1961.

Rehearing Denied Nov. 14, 1961.

Houston, Klein & Davidson, Lee Grigg & Edmund Lashley, Tulsa, for plaintiff in error.

Rainey & Barksdale, Okmulgee, for defendant in error.

JOHNSON, Justice.

The parties who appear here in reverse order to their appearance in the trial court will be referred to as they appeared in said court.

In this action, plaintiff seeks to recover from defendant damages allegedly resulting from bodily injuries sustained when she stepped through a doorway from inside a hospital operated by defendant in Henryetta, Oklahoma, to the pavement outside the hospital.

Plaintiff's action is based primarily upon the proposition that the back room, door, doorway and outside entrance thereto were so constructed and maintained as to constitute a "trap, snare and hidden danger," which proposition is denied by defendant.

The jury to whom the case was tried returned a verdict in plaintiff's favor, and judgment was entered thereon. From order of trial court denying defendant's motion for new trial which was directed to said judgment, defendant perfected this appeal.

The substance of defendant's claim of error on the trial court's part is that said court erred in not instructing the jury on the issues of contributory negligence, which issue he asserts was raised by the pleadings and presented by the evidence. Plaintiff contends that the issue was neither raised by the pleadings nor presented by the evidence.

The undisputed facts and evidence bearing upon the referred to contentions are these:

In her petition plaintiff stated that she "stepped to said door, opened it and stepped through said door, in a careful and prudent manner." Defendant asserts that by said allegation, plaintiff negated negligence on her part.

In his answer, defendant stated that "if he was negligent, which he specifically denies, the plaintiff was negligent, and therefore not entitled to recover damages." Defendant asserts that said allegations sufficed to raise the defense of contributory negligence on plaintiff's part.

In her reply to the answer, plaintiff pleaded that she denied "each, every and all of the averments set forth and contained in said answer, which said averments are at variance with or contradictory to the averments of the petition of this plaintiff"; that "plaintiff further denies all averments of new matter, if any, set forth in the answer." Defendant asserts that in denying the allegations of his answer to the effect that plaintiff was negligent, plaintiff thus made contributory negligence an issue.

On the day of the accident, plaintiff was advised that her father had been stricken with a heart attack; that he was a patient in the hospital operated by defendant in Okmulgee; that at approximately 2:00 or 2:30 p. m. on said day she and her husband went to the hospital; that her father was confined to a south room on the first floor of the hospital near the west or back portion of the hospital which faces east; that she remained in the room until approximately 6:00 p. m. when she and her husband left by the front (east) entrance of the hospital for coffee; that they were away from the room some fifteen or twenty minutes; that after they returned, and at approximately 7:00 p. m. she became ill; that she walked from the room to the hallway of the hospital; that she thought fresh air might alleviate her illness; that she saw a door over which there was a sign reading "Exit"; that she opened the door and walked into a small room or back porch; that immediately to the west of said door was another door that she thought led to the outside; that she opened the door, stepped through the doorway and fell approximately three feet to the paving outside the hospital; that as a result of the fall a bone in her left ankle was fractured and she was otherwise injured.

The back porch was approximately nine to ten feet wide (east and west) and approximately fourteen feet long (north and south). The doorway through which defendant stepped to the paving was used for ambulance service. There were no steps on either side of same. There was a door in the north central portion of the room which was used by pedestrians in passing from the room to the outside of the building and from the outside into the room. Steps led down from this door to the paving outside the hospital.

After the case had been called for trial, and during the voir dire examination of the jury, the defendant moved to amend his answer so as to plead or more fully plead contributory negligence on plaintiff's part. This motion was denied. The motion was renewed before evidence was offered and after both parties had rested, which motion on each occasion was denied.

Plaintiff introduced evidence to the effect that the room was dim; that the area to the outside of the doorway through which she passed was unlighted; that it was a dark night; that the door which she opened in order to pass to the outside of the building was unlocked; that there were no warning signs on or near said door; that while there was a sign showing "Exit" over the north door to the room, the sign was not lighted and that at the point where she walked through the room one could not see the sign.

Defendant introduced evidence to the effect that the area outside the doorway through which plaintiff passed was lighted; that the west door which she opened was locked; that the lock was in the center of the knob to the door; that the door was locked when the locking device was in an upward position and unlocked when the device was in a downward position; that there was a sign approximately 14 x 14 inches on the door which read "Danger, Loading Zone, No Stairs," and one of comparable size immediately north of the door with similar wording on it; that the lettering on the signs was in red; that the background was white; that one could see the

Exit sign over the north door at the point where plaintiff walked through the room; that plaintiff made statements immediately following the accident to the general effect that she was at fault; that she "fumbled around on the back porch there and opened the door and walked out"; that there was a light in the center of the room which was on at the time the accident occurred.

In support of his contention that plaintiff's evidence showed that she was guilty of contributory negligence, defendant refers to her testimony to the effect that she didn't pay any "particular attention" to the door in the west side of the room (this testimony appears to have been directed to the proposition that plaintiff didn't pay any particular attention to the size of the door); that following the accident she testified by deposition that following the accident she noticed that the exit sign over the north door was lighted; that upon entering the room she looked neither to the left nor to the right and did not look for another exit door.

The evidence produced at the trial created an issue as to whether the plaintiff was guilty of contributory negligence. The defendant had pleaded in its answer that "plaintiff was negligent." Although no motion was made by the plaintiff to make this allegation more definite and certain, we feel it unnecessary to pass upon the sufficiency of this allegation for the reasons hereinafter set out.

At the beginning of the trial, the defendant asked permission to amend this allegation, and this request was refused by the trial court. Again at the conclusion of the evidence, defendant asked that the pleading be amended to conform to the proof. This was likewise denied and exceptions preserved in both instances. It is urged that both of these actions by the trial court constituted abuses of discretion and therefore were error.

■ 12 O.S.1951, § 317, provides for the amendment of pleadings. This court is committed to the rule that this statute is a remedial one and should be liberally construed. Tyler Boat Works v. Schreiner, 194 Okl. 601, 153 P.2d 1004, and Dewailly v. First National Bank of Coffeyville, Kan., Okl., 338 P.2d 1110.

This court has repeatedly held that amendments which do not change the cause of action or defense should be allowed. Under the modern practice, amendments which come within this category are favored. As early as 1898, the Territorial Court said that any proper amendment might be made so long as the basic theory was not changed. Symns Grocer Co. v. Burnham, 6 Okl. 618, 52 P. 918.

In the body of the opinion in Doyle v. Oklahoma Press Pub. Co., 206 Okl. 254, 242 P.2d 155, 157, this court said:

"The general rule is that a trial court, in his own discretion, may permit any pleading to be amended in furtherance of justice."

There can be no contention here that in view of the language contained in the original answer that a more specific statement would in any wise accomplish a change in the issues.

The same rule has been announced by this court in regard to amending to conform to the proof. A. & A. Cab Operating Co. v. Allen, 194 Okl. 103, 147 P.2d 792.

■ We think there was sufficient evidence in this record, if believed by the jury, to justify a defense of contributory negligence. The injury done the defendant by the refusal to permit the amendment is demonstrated by the fact that no where in the instructions was the issue of contributory negligence submitted to the jury. We hold that the refusal to permit the amendment under the circumstances in this case was reversible error.

Reversed and remanded for a new trial.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., and BERRY, J., dissent.