GREAT AMERICAN INSURANCE COMPANY, Plaintiff in Error,

v.

M. C. WATTS, d/b/a Watts Oil Company, Defendant in Error.

No. 40143.

Supreme Court of Oklahoma.

June 9, 1964.

Arnote, Bratton & Allford, McAlester, for plaintiff in error.

Tucker & May, by Charles B. Tucker, McAlester, for defendant in error.

DAVISON, Justice.

This is an appeal by Great American Insurance Company (plaintiff below) from an order and judgment sustaining the demurrer of M. C. Watts, d/b/a Watts Oil Company (defendant below) to plaintiff's second amended petition (herein referred to as petition) and dismissing said petition. The parties will be referred to as they appeared in the lower court.

Plaintiff's petition alleged, inter alia, that on February 7, 1958, one Elbert Moore ordered a quantity of kerosene from defendant and defendant carelessly and negligently delivered gasoline or other highly inflammable liquid to Moore for his domestic use and that the following day, when it was used in a cooking stove, the liquid exploded and caught fire whereby Moore and his wife suffered personal injuries and totally destroyed certain personal property which had a cash value in excess of $1000; that prior thereto, and on April 22, 1955, plaintiff had issued to Moore and his wife, a fire insurance policy in the sum of $1000 insuring them against loss or damage to said personal property caused by fire or explosion and that on March 15, 1958, plaintiff paid the Moores $1000 for damages to the said property caused by defendant's negligence; and further alleged:

"8. That on or about February 26, 1958, the defendant M. C. Watts, d/b/a Watts Oil Company, paid to Elbert Moore and Verdie Moore the sum of $3,345.00 for a conditional and partial release of their claims for personal injuries, property damages and losses, including loss of services; that said sum expressly represented their claims other than the said amount of $1,000.00 of property damages; that said pay-

ment and the conditional and partial release therefor is evidence by an instrument in writing, a copy of which is attached hereto, marked 'Exhibit B' and made a part hereof; that said release contained the following condition, to-wit: 'This settlement does not prejudice the right of the undersigned to proceed against their insurance company for the $1,000.00 insurance coverage; neither is it an admission that M. C. Watts owes any sum of (sic) the insurance company by subrogation.' "

The petition further alleged that defendant had actual notice at and prior to February 26, 1958, of plaintiff's subrogation claim and that by reason of defendant's payment, and the above release, and the payment by plaintiff under its insurance policy, the Moores had no further pecuniary interest or claim in the matter and were not proper parties to the action; and that the Moores assigned to plaintiff their rights to recover the amount paid under the policy and such assignment was effected under the laws respecting subrogation. Plaintiff prayed it be subrogated to the rights of the Moores against defendant to the extent of $1000 and for judgment in that amount.

The order sustaining defendant's demurrer is a general order and does not state on what ground the demurrer was sustained. The grounds pertinent to arguments in the briefs are (1) that there was a defect of parties plaintiff; (2) that the petition did not state facts sufficient to constitute a cause of action; (3) that the petition (second amended petition) contains new matter and shows on its face to be barred by applicable statutes of limitation.

Plaintiff contends that under the allegations of the petition relating the facts and circumstances of the various transactions of the persons involved the insured (the Moores) have no further pecuniary interest or claim and, contrary to defendant's contention, are not necessary plaintiffs in the action.

Plaintiff cites Harrington v. Central States Fire Ins. Co., 169 Okl. 255, 36 P.2d 738, 96 A.L.R. 859. In that case we said that an insurer, upon paying the loss for destruction of property, became without

formal assignment or express stipulation in the policy, subrogated, to the extent of the amount paid, to the insured's right of action to recover such loss. We also held in that case that where a statute (Sec. 10557, O.S.1931) prescribed a standard form of insurance policy authorizing the insured to assign to the insurer his right of recovery against other parties to the extent of the loss paid by the insurer, such statute permits the assignment of a cause of action for the wrongful destruction of personal property by fire where the insurance company has paid the loss. The decision held further that such statute (Sec. 10557, O.S. 1931) modified or was an exception to Sec. 142, O.S.1931. (12 O.S.1961 § 221):

> "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

The above mentioned portion of Sec. 10557, O.S.1931, is present in modified form in the prescribed standard form of fire insurance policy in 36 O.S.1961 § 4803.

In the Harrington case, supra, we further held that where the value of the property destroyed by the fire exceeds the amount paid by the insurance company, the insured may sue in his own name against the wrongdoer for himself and for the benefit of the insurance company for the amount paid by it, and that:

> "Where the value of the property destroyed does not exceed the loss paid, this rule does not apply, *because the assured owner would no longer have any interest in the cause of action,* and while the suit may be brought in the name of the assured for the use and benefit of the insurer, *such assured is not a necessary party,* and a suit to recover such loss may be maintained *by the insurer in its own name."* (Emphasis ours)

In McMahan v. McCafferty, 205 Okl. 656, 240 P.2d 443, the insured plaintiff, after having been fully paid for his loss by an insurance company, sued the tortfeasor for the loss. This court, after stating the rules in the Harrington case, supra, held that the action should have been brought, either by the insurance company in its own name or by the plaintiff as trustee for the insurance company.

In City of New York Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1223, the court was faced with a situation very similar to that in the present appeal; in that the loss of the insured had been settled and satisfied by payment from both the wrongdoer and the insurer. The Kansas statutes were practically identical to those of Oklahoma. The decision cites prior holdings of the Kansas court in accord with the above rules set forth in our case of Harrington v. Central States Fire Ins. Co., supra. In determining that the insurance company could sue in its own name, as the real party in interest, to recover from the wrongdoer the amount paid to the insured, the Kansas court stated:

> " * * * The basis is that where the insured no longer has a claim he can assert there is no sound reason why the action may not be brought by the insurer, as the real party in interest. This is equally true whether the loss has been fully covered by insurance or partly covered by the insurance and partly by payment by the wrongdoer. The essential fact is that the insured no longer has a financial interest in the outcome. It also follows that in such a situation the consent of the insured to action by the insurer is not necessary."

See also Pittsburg, C., C. & St. L. Ry. Co. v. Home Ins. Co. of New York, 183 Ind. 355, 108 N.E. 525, 530, and Powell & Powell v. Wake Water Co., 171 N.C. 290, 88 S.E. 426, 431.

It is our conclusion that under the allegations of the petition the insureds (the Moores) in the instant case no longer have any interest in the cause of action and plaintiff may maintain the action in its own name.

Plaintiff also contends the allegations of the petition are sufficient to state a cause of action against defendant. This contention involves the proposition of whether the settlement and release between the insureds and the defendant destroyed plaintiff's right of subrogation to the insureds' right of action against the defendant.

The petition must be considered in the light of the statement in James v. Unknown Trustees, Etc., 203 Okl. 312, 220 P.2d 831, 20 A.L.R.2d 1077:

"Generally, in passing on a demurrer to a petition, all allegations of the petition, together with all inferences that may reasonably be drawn therefrom, are taken as true, but it only raises questions of law as to the sufficiency of the pleading, apparent on the face of the pleadings; it does not present issues of fact which must be raised by proper plea or answer, and if the pleading with every inference reasonably deducible therefrom constitutes a cause of action, the demurrer should be overruled."

Since, as above shown, the right of an insurer to subrogation against the one responsible for the loss is derived from the right of the insured against such person, the right of the insurer against the wrongdoer may, with some exceptions, be defeated by an act of the insured amounting to an effective release of the wrongdoer from liability. 29A Am.Jur., Insurance, Sec. 1733, and 46 C.J.S. Insurance § 1211a(2), p. 179, It is the position of defendant that the release and settlement given by the insureds to defendant prior to plaintiff's payment of the $1000 insurance extinguished the insureds' claim and destroyed the basis of any subrogation.

The release and settlement executed by the insureds is on a printed form with names, dates and amounts filled in, and releases the defendant from all claims and actions for damages because of injuries, damages and losses sustained by insureds on account of the fire. However that portion thereof, heretofore quoted in paragraph 8 of the petition, stating the settlement "does not prejudice" the right of the insureds to proceed against the plaintiff insurer for the $1000 insurance coverage, nor constitute an admission that defendant owes any sum to the plaintiff by subrogation, is typewritten. Such typewritten portion controls over the printed provisions of the instrument. 15 O.S.1961 § 167.

There is ample authority that a settlement by the insured with the tortfeasor for the amount of the loss in excess of the insurance only, does not affect the insurer's right of action against the tortfeasor. 29A Am.Jur., Insurance, Sec. 1734, and 46 C.J.S. Insurance § 1211a(2), p. 180.

We interpret the words "does not prejudice", as used in the above clause, to mean that the insureds' right to proceed against their insurance company was not lost or impaired. Defendant's denial therein of any indebtedness to the insurance company by subrogation is, in effect, a denial of any ultimate liability as an alleged tortfeasor.

In Connecticut F. Ins. Co. v. Erie Rail. Co., 73 N.Y. 399, 29 Am.Rep. 171, one Martin suffered a loss and damage to his property by fire caused by the railway company. His property was covered by a fire insurance policy. Martin settled his claim against the railway company for $2100 and executed a release which recited in part as follows:

"This settlement is not intended to discharge the Connecticut Fire Insurance Company from any claim which said Martin has against them for insurance, but as a full settlement with, and discharge of, the Erie Railway Company only."

Thereafter the insurance company paid the policy to Martin and sued the railway company. In holding that the insurance company could maintain the action, the court's statements are in accord with our views as to the legal effect of the release

and settlement in the present case, and we quote a part of the decision:

"* * * The clause was intended for some purpose, and it seems to me obvious that it was designed to prevent the plaintiff from interposing the release as a defense to an action on the policy, and it is inferable that the amount of the policy was deducted from the amount of the loss in the settlement with the defendant. The substance of the transaction was that the assured, having a claim against the plaintiff for $1,500, settled with and released the defendant from liability for the balance, retaining the claim against the plaintiff. The form of the clause is not very specific, but looking at the substance it was a proviso that the release should not operate to prevent a recovery upon the policy against the plaintiff. With such a proviso, other portions of the release would have to yield to enable the proviso to have effect, and as to the plaintiff it would be the same as though no release had been given. It follows that the plaintiff could not have interposed the release as a defense in an action by the assured upon the policy, and if not, the logical sequence is that the right of subrogation enures against the defendant.

\* \* \* \* \* \*

"* * * The power to enforce the policy having been expressly reserved, the parties could not take away the right of the plaintiff to the remedy which that reservation vested in him by law. Having made their agreement so as to prevent the plaintiff from interposing this defense, they cannot object to the consequences which legally flow from it. The exception necessarily embraces the right of subrogation."

See also Brown v. Vermont Mut. Fire Ins. Co., 83 Vt. 161, 74 A. 1061, 29 L.R.A., N.S., 698; New York Underwriters Ins. Co. v. Louisville & N. R. Co., 285 Ky. 561, 148 S.W.2d 710; Holbert v. Safe Ins. Co.,

114 W.Va. 221, 171 S.E. 422; Pennsylvania Fire Insurance Company v. Harrison, La.App., 94 So.2d 92.

█ Based upon the above authority it is our opinion that the release and settlement did not affect plaintiff's right of subrogation or its right of action against the defendant.

█ We now turn to the proposition of whether plaintiff's action was barred by limitations. Plaintiff's action is for loss and damage to personal property and falls within the two year limitation period prescribed by 12 O.S.1961 § 95. The loss by fire was on February 8, 1958. Plaintiff filed its petition on January 28, 1959, and its amended petition on April 3, 1959. Both of these petitions alleged the insureds assigned to plaintiff all their rights to recover the loss paid under the policy and prayed that plaintiff be subrogated to these rights against the defendant. The court sustained a demurrer to the amended petition on April 27, 1962, on the ground there was a defect of parties plaintiff. Plaintiff filed the second amended petition on May 7, 1962, and inserted the further allegation that the assignment was effected by the laws of Oklahoma respecting subrogation.

█ It is our opinion that the added allegation left the cause of action unchanged and at the most explained or gave greater precision to the original allegations. In Doyle v. Oklahoma Press Pub. Co., 206 Okl. 254, 242 P.2d 155, we stated:

"In determining whether an amended petition alleges a 'new cause of action,' the test is whether the cause of action remains the same in substance, notwithstanding the difference of specifications.

"An amendment which merely explains, amplifies, elaborates, or gives greater precision to the allegations of the original petition is not the statement of a new cause of action."

Plaintiff's action was not barred by limitations.

Reversed with directions to overrule defendant's demurrer and reinstate plaintiff's cause of action.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.