Howard B. WESTON, Plaintiff in Error,

v.

ACME TOOL, INCORPORATED, Defendant in Error.

No. 41752.

Supreme Court of Oklahoma.

Jan. 28, 1969.

Charles Hill Johns, James F. Howell, Midwest City, for plaintiff in error.

Eugene P. Ledbetter, Jr., Oklahoma City, for defendant in error.

HODGES, Justice.

Plaintiff in this action sought a judgment against the defendant for personal services performed by him under an oral contract between the parties. The original petition of the plaintiff was filed within the period allowed by the statute of limitations. Plaintiff's amended petition, however, was filed subsequent to the limitation period. The trial court struck the amended petition as being a new cause of action filed subsequent to the running of the statute of limitations, and plaintiff appeals.

The petitions of the plaintiff alleged in substance that on September 7, 1960, the plaintiff and defendant agreed that plaintiff would serve as an accountant, and would assist the firm of Ernst and Ernst in making an audit of defendant's books. The principle difference between the petitions is the allegation concerning the completion date of the personal services to be performed. Other allegations of new matter are inconsequential and will not be discussed.

The original petition alleged the audit was completed on or about December 16, 1960. Plaintiff's amended petition alleged the audit was completed on June 6, 1961. Defendant contends that by pleading a different completion date for the audit, the plaintiff has changed his cause of action in the amended petition. That the amended petition states a completely new and different contract and is such a departure from the original petition that it cannot relate back for the purpose of avoiding the statute of limitations.

The question then presented is whether the amended petition sets out a new cause of action by alleging a different completion date for the contract. If it is not a new cause of action then it relates back to the filing of the original petition and the statute cannot be invoked. Dewailly v. First National Bank of Coffeyville, Okl., 338 P.2d 1110; Saint Paul Fire and Marine Insurance Co. v. Spann, Okl., 355 P.2d 567.

In Great American Insurance Company v. Watts, Okl., 393 P.2d 236, citing Doyle v. Oklahoma Press Publishing Company, 206 Okl. 254, 242 P.2d 155, we held in determining whether an amended petition alleges a new cause of action, that "the test is whether the cause of action remains the same in substance, notwithstanding the difference of specifications." In application of this test, we said:

"An amendment which merely explains, amplifies, elaborates or gives greater precision to the allegations of the original petition is not the statement of a new cause of action."

In Dewailly v. First National Bank, supra, an action was filed to enforce an oral contract to execute a will. The petition failed to state a cause of action, apparently on the ground that there was no consideration pled for the promise to execute the will. After a lapse of the statute of limitations, plaintiff was allowed to perfect her cause of action by additional amendments. The court said her amended petition merely enlarged upon her claim by setting forth "the exact date upon which the promise to make the will was made, * * * and in greater detail alleged the services rendered in the performance of said contract." The court stated the amendments were not of substance, and reinstated the amended petition.

Title 12 O.S.1961, § 317, provides, inter alia, that the trial court may allow the amendment of any pleading to correct a mistake or by inserting other allegations material to the case, when the amendment does not substantially change the claim.

We have said on many occasions that in order to promote justice our statute, 12 O.S. 317, supra, is remedial in purpose and should be liberally construed. That whenever possible great latitude

**890**

should be allowed in the amendment of pleadings in order to save a cause of action from suffering the bar of the statute of limitations.

In Doyle v. Oklahoma Press Publishing Company, supra, we stated that technical considerations or ancient formulae are not controlling, and that "nothing more is meant than that the defendant shall not be required to answer a wholly different legal liability or obligation from that originally stated."

As a general rule an amendment which corrects the date of a particular act or event is not such a change in the substance of a pleading sufficient to create a new cause of action so as to be barred by the statute of limitations, 54 C.J.S. Limitations of Actions § 280, p. 327.

Plaintiff in his amended petition merely seeks to correct the date of a particular act—that is, the completion date of the audit. This change did not alter or substitute a new or different transaction. The subject of the controversy remains the same. The facts alleged in the amended petition show substantially the same wrong with respect to the same transaction. Defendant is not required to answer to a wholly different legal liability or obligation. We, therefore, are of the opinion that the amendment does not substantially change the cause of action, and that the amended petition should be reinstated.

The next proposition defendant raises is that plaintiff did not meet the requirements of the law in the commencement of actions in view of Tit. 12 O.S. § 97. Defendant reasons that since the date of completion of the contract set out in the original petition was December 16, 1960, and that summons was not issued until January 13, 1964, the action was not commenced within the three year period of limitations. Defendant's contention is based on the original petition without plaintiff being allowed to amend. By amendment, the date of completion was alleged to be on June 6, 1961, not December 16, 1960, as alleged in the original petition.

As amended, the plaintiff had until June 6, 1964, to commence his action. Since defendant was properly served with summons on January 13, 1964, the action is not barred by limitations under the pleadings.

Reversed with directions to reinstate.

All Justices concur.