The **TRAVELERS INSURANCE COMPA-NY**, a corporation, Plaintiff in Error,

v.

Willard **LEEDY** and Gilmore, Gardner & Kirk, Inc., a corporation, Defendants in Error.

No. 43194.

Supreme Court of Oklahoma.

Feb. 25, 1969.

Elliott C. Fenton, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for plaintiff in error.

Lampkin & Wolfe, by Ed Abel, Oklahoma City, for Willard Leedy.

Watts, Looney, Nichols & Johnson, by Robert Looney, Oklahoma City, for Gilmore, Gardner & Kirk, Inc., a corporation, defendants in error.

McINERNEY, Justice.

The question presented in this appeal is whether the insurance carrier, having made compensation payments to an injured employee, may intervene after the expiration of two years to recover its payments in the employee's action for personal injuries against a negligent third party, where the employee filed the action in his name alone within less than two years following the date of his injury.

A motion to dismiss the petition of the insurance carrier as intervening plaintiff was filed by the injured employee, joined in orally by the defendant, and sustained by the trial court. The trial court stated that the petition in intervention was barred by the statute of limitations, 12 O.S.1961, § 95(3).

The undisputed facts are that Willard Leedy sustained an injury on November 2, 1962, and received compensation benefits under the Workmen's Compensation Act, 85 O.S.1961, § 1 et seq., pursuant to orders of the State Industrial Court. Travelers

Insurance Company paid the compensation in March, 1963. The award received by Leedy included compensation for medical, surgical and hospital services, temporary and permanent disability, totaling approximately $28,000.00. On May 3, 1963, Leedy filed a common-law action for personal injury predicated on the same accident against Gilmore, Gardner and Kirk, Inc. (defendant). The petition sought judgment for damages, including hospital care, loss of earnings and permanent disability. After the issues had been joined and before trial, Travelers filed a petition as intervening plaintiff on September 3, 1965. The motion to dismiss was thereafter sustained on the grounds that Travelers' petition in intervention was barred by the two year limitation contained in 12 O.S. 1961, § 95(3).

The Workmen's Compensation Act provides a procedure for an injured employee to proceed against a negligent third party not in the same employment without forfeiting the protection afforded by the Workmen's Compensation Act. 85 O.S. 1961, § 44(a). The employer and insurance carrier are protected in the event the employee pursues his remedy against a third party by the State Industrial Court holding in abeyance its proceeding until a determination of the third party action has been concluded. Provision is made for contribution by employer if the third party action results in a lesser amount than would be awarded as compensation under the act. Written approval of a compromise of the third party action is required.

■ This statute, § 44(a), and the legislative intent to provide mutual and reciprocal responsibilities and protection between employee, employer and the insurance carrier liable to pay the compensation award is construed in Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203. A negligent third party is unaffected by the statute since § 44(a) applied only to the injured workman, his employer and insurance carrier. The enactment of the Workmen's Compensation Act did not abrogate, modify, or in any way affect an injured employee's common-law right to collect damages from a third party tort-feasor. The statute, 85 O.S.1961, § 44(a), does provide a procedure to be followed by the employee pursuing his common-law remedy. The reason for this procedure is stated in Parkhill, supra, on page 206:

"Since a greater responsibility was placed, by said act (Workmen's Compensation Act), upon those conducting hazardous employments, for the benefit of their injured employes than that placed upon such employers under the common law, the legislature made provision therein for the protection of employers and their insurance carriers operating within its purview."

Further, on page 207, the purpose is stated:

"The employer and insurance carrier are entitled to have all these protective provisions of the act complied with so that they can require recoupment in the event of recovery from the negligent third party."

■ Travelers is subrogated to the extent of the compensation payment. Stinchcomb v. Dodson, 190 Okl. 643, 126 P.2d 257. 85 O.S.1961, § 44(a) provides the preliminary and procedural steps prerequisite to the fixing of liability under the Workmen's Compensation Act for personal injuries caused by the negligence of a third party. The statute is for the protection of the employer and the insurance carrier in their right to subrogation. Leedy did not follow the required procedure. Disregard of the statutory rule will not serve to destroy Travelers' right of subrogation. This conclusion is succinctly stated in Parkhill, supra, page 207:

"In no event, with or without election, with or without assignment, with or without the payment of compensation during the time the common-law action for negligence is being prosecuted can

the injured employe have the benefits of double compensation."

■ Leedy is permitted to join Travers as a co-plaintiff or to set out Travelers' interest by pleading the compensation award in the petition timely filed by Leedy on May 3, 1963. 12 O.S.1961, § 265. Travelers' cause of action is based on the allegations of negligence contained in Leedy's petition and Travelers' claim is included in Leedy's prayer for damages. Travelers did not plead a new cause of action against the defendant. The cause of action remains the same. The petition in intervention merely explains with greater elaboration and precision the allegations of the original petition by alleging the compensation payments. Travelers' amendment of the original petition relates back to the beginning of the action and renders the bar of the statute of limitations inapplicable. Doyle v. Oklahoma Press Publishing Co., 206 Okl. 254, 242 P.2d 155; Dewailly v. First National Bank of Coffeyville, Okl., 338 P.2d 1110; Great American Insurance Company v. Watts, Okl., 393 P.2d 236.

■ The foundation upon which these decisions rest is 12 O.S.1961, § 317, permitting amendments in furtherance of justice on such terms as may be proper. We have held that, after the statute of limitations has run, it is proper to substitute a plaintiff, Saint Paul Fire and Marine Insurance Co. v. Spann Motor Co., Okl., 355 P.2d 567, and to add an additional party plaintiff having a joint interest in the damages sought, Haught v. Continental Oil Company, 192 Okl. 345, 136 P.2d 691. Annotations 105 A.L.R. 610, 613, and 8 A.L.R.2d 6, 97; 58 Am.Jur., Workmen's Compensation, § 368; 101 C.J.S. Workmen's Compensation § 1021. The same reasoning and logic prevail here. 12 O.S.1961, § 317 permits, and justice requires, the amendment be allowed where there is no change in the cause of action and the beneficial interest of both parties should be litigated.

Leedy and defendant rely on State Insurance Fund v. Taron, Okl., 333 P.2d 508, and Hardware Mutual Casualty Insurance Co. v. Skelly Oil Company, Okl., 400 P.2d 164, to sustain their position that the two year limitation applies to an intervening plaintiff. We find this contention without merit. Neither case involved a fact situation similar to the present case. The injured employee receiving compensation benefits did not timely file a third party action for damages in which the insurance carrier sought to intervene. In both Taron and Skelly Oil Co., supra, the petitions stated a new cause of action asserting a liability barred by the statute of limitations stated in 12 O.S.1961, § 95(3). The dispositive element here, a pending personal injury action commenced by the employee prior to the expiration of limitations, is absent in both the cited cases. The question was not before this court as to whether the subrogated insurance carrier would be entitled to intervene, as here, after the statutory period in an action which had been commenced by the employee within the two year limit.

■ The filing by Leedy of his common-law action within the limitation period operates to suspend the bar of limitations, 12 O.S.1961, § 95(3), against Travelers asserting its joint interest in the cause of action being pursued by Leedy. Oklahoma has not ruled on the precise question presented involving payment of workmen's compensation benefits. Other states considering the question reach the conclusion we adopt here. Walton v. Louisiana Power & Light Co., (La.App.), 152 So. 760; Roberts v. United States Fidelity & Guaranty Co., (Ky.), 273 S.W.2d 39; Iowa National Mutual Insurance Co. et al. v. Chicago, Burlington & Quincy Railroad Co., 246 Iowa 971, 68 N.W.2d 920. Leedy can not rely on limitations to defeat the rights claimed by a subrogee. 50 Am.Jur., Subrogation § 138, p. 771. Defendant can not plead the bar of limitations against Travelers because the intervention by Travelers alleging compensation payments does not affect the liability of a negligent third

party (defendant) and furnishes no defense to a common-law action based upon negligence against such third party by a workman injured in the course of his employment and covered by the Workmen's Compensation Act. Griffin Grocery Company v. Logan, Okl., 309 P.2d 1074. The intervening plaintiff seeks an apportionment of plaintiff's potential judgment and does not plead a new cause of action against the defendant. The action of the trial court in sustaining the motion to dismiss was error.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to reinstate the petition of the intervening plaintiff.

All the Justices concur.