Claud MINICK, Appellee,

v.

RHOADES OIL COMPANY, a corporation,
and Jerry Scott, Appellants.

No. 47071.

Supreme Court of Oklahoma.

March 11, 1975.

Raymond Criswell, Wewoka, for appellee.

Bishop & Wantland by William C. Wantland, Seminole, for appellants.

BERRY, Justice:

Plaintiff, Claud Minick a surface landowner, brought this action against Rhoades Oil Company, the owner of an oil and gas lease covering the land, and Jerry Scott, the owner and operator of an oil and gas drilling rig, for damages allegedly resulting from drilling of an oil and gas well on the tract. The jury returned a verdict for plaintiff in the amount of $1,000, and defendants appealed. The Court of Appeals, Division 1, reversed and remanded for a new trial. Plaintiff petitions this Court for writ of certiorari.

Defendants raise two contentions on appeal.

Defendants first contend plaintiff's cause of action is barred by the statute of limitations.

In this regard they contend the two year statute of limitations set out in 12 O.S.1971 § 95(3) is applicable. They contend plaintiff's second amended petition was filed more than two years after the alleged injury occurred, and allege the cause of action set out therein constituted a different cause of action than that alleged in earlier petitions. They then cite cases holding that an amendment setting up a cause of action not claimed in the original petition should not be allowed after expiration of the time allowed by law to commence a suit on such claim. Turner v. Pitts, 162 Okl. 246, 19 P.2d 563; Raymer v. Comley Lumber Co., 169 Okl. 576, 38 P.2d 8; Butt v. Carson, 5 Okl. 160, 48 P. 182.

The evidence indicates drilling operations were commenced on the tract on May 28, 1970. The well was completed as a dry hole on approximately June 10, 1970, and defendants abandoned the premises.

The first amended petition which was filed within two years after June 10, 1970, referred to a 40 acre tract, sought damages to growing crops, and further alleged:

"That the defendants used an excessive amount of the real estate in their drilling operation and indiscriminately made roads and unnecessary trails and bulldozed excessive amounts of land thereon in their drilling operation and have destroyed approximately two acres of land of the value of $300.00 per acre. * * *"

The second amended petition refers to the same tract and alleges in relevant part as follows:

"Plaintiff further states that the defendant dug a slush pit on the plaintiff's land far in excess of its normal use and made excessive roads across said land. In particular, the defendant made the first road above described and later returned and made a road due south of the slush pit in a different direction and drove their vehicles in and out of said premises and made deep ruts and road in and over approximately eight (8) acres of plaintiff's land at or near the drilling site. Plaintiff further states that during the development operation there were employees driving their cars across said premises, parking the same in the muddy field for approximately five (5) days and each drove over and across the land and bogged down and deep rutted the plaintiff's land.

V

"Plaintiff states that the excessive use of the surface of approximately eight (8) acres and the water damage to the same, has made it totally unfit for production since the dates of damage; that the reasonable value of the eight (8) acres before the damage was $400.00 per acre. The land is now worth only $5.00 per acre and the plaintiff has been damaged and seeks damages in the sum of $3,160.00."

Defendants contend the second amended petition changed the theory of plaintiff's claim from excessive user of two acres and damages to growing crops, to one seeking permanent damages to eight acres, and substantially increased the amount of damages sought. They contend this constitutes a new cause of action and is therefore barred by the statute of limitations. We do not agree.

Unless the amended petition sets out a new cause of action, the amendment relates back to the filing of the original petition and the statute of limitations cannot be invoked. Weston v. Acme Tool, Incorporated, Okl., 449 P.2d 887.

The test is whether the cause of action remains the same in substance, notwithstanding the difference in specifications. Great American Insurance Co. v. Watts, Okl., 393 P.2d 236.

The rule that pleadings may not be amended to state a new cause of action after the statute of limitations has run means only that the defendant shall not be required to answer a wholly different legal liability, or obligation from that originally stated. Doyle v. Oklahoma Press Pub. Co., 206 Okl. 254, 242 P.2d 155; Weston v. Acme Tool, Incorporated, supra.

A mere enlargement of damages sought is not a new cause of action. Westchester Fire Ins. Co. v. Federal Nat. Bank, 135 Okl. 47, 273 P. 889.

In Daniel v. City of Tucson, 52 Ariz. 142, 79 P.2d 516, plaintiff first alleged damages to one lot resulting from construction of culverts. Subsequent to running of statute of limitations she amended her pleading to allege damages to the first lot and damages to a second lot. The court held the amendment related back to time of filing of original petition because amendment alleged damage to both lots at same time by same act. The court stated amendment merely added a new item of damages omitted from original petition.

In the present case both petitions allege the liability was created by same acts of defendants. The first amended petition alleges excessive use destroyed two acres while second amended petition alleges defendants destroyed 8 acres. We conclude the cause of action alleged in the second amended petition is in substance the same cause of action alleged in the first amended petition. Therefore, the action was not barred by the statute of limitations.

Defendants next allege there is no competent evidence to justify the verdict. Under this contention they allege the measure of damages applicable where land is permanently damaged is value of land immediately before and immediately after injury occurs.

They contend plaintiff's only evidence concerning before and after value was plaintiff's testimony, and contend this testimony was not competent because plaintiff had no idea of the value of his land immediately prior to or immediately after the incident.

A property owner who occupies same and is familiar with the purposes for which it may be used, and with values in the community, may testify as to its value. Gypsy Oil Co. v. Karns, 110 Okl. 156, 236 P. 608. See also H. D. Youngman v. Girdner, Okl., 262 P.2d 693; Arkansas Louisiana Gas Co. v. Ackley, Okl., 410 P. 2d 35; Application of Harper, 195 Okl. 386, 158 P.2d 472; Chase v. MacDonell, 154 Okl. 165, 7 P.2d 465.

In the present case plaintiff testified he was familiar with lands values in the area and that he lived on a tract immediately north of the tract in question.

Therefore, we conclude plaintiff was competent to testify concerning the value of his land before and after the alleged injuries.

The case of Champlin Refining Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, is distinguishable because the witness therein did not testify he was familiar with the value of lands in the vicinity.

Defendant points out evidence indicating plaintiff had placed different values upon his land on different occasions and testimony from its expert indicating plaintiff's opinions as to value of his land were incorrect. However, these objections go only to the weight of plaintiff's testimony rather than to its admissibility. °

Plaintiff's testimony concerning the value of his land immediately before and immediately after the alleged injury would support a finding of permanent damages in excess of $1,000, the amount awarded by the jury. Therefore, we conclude this contention is without merit. Certiorari granted, the decision of the Court of Appeals is vacated, and the judgment of the trial court is affirmed.

All Justices concur.