**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JAMES C. HUMPHREYS;
JILL M. HUMPHREYS,

      Plaintiffs-Appellants,

v.

JOHNYNE FUSELIER; JAMES
SPARGUR, individually and dba,
Specialty Builders; BRET
BARNHART, individually and dba,
Bret D. Barnhart Construction
Company, an Oklahoma Corporation,

      Defendants-Appellees.

No. 97-5019
(D.C. No. 96-CV-942-H)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs James and Jill Humphreys brought this diversity action asserting several claims for damages and seeking an injunction relating to defendants' alleged trespass on plaintiffs' residential lot in Tulsa County, Oklahoma, and resulting destruction of timber. The district court dismissed the case for failure of the amount in controversy to exceed the amount required by 28 U.S.C. § 1332(a), which at the time the plaintiffs filed their complaint was $50,000. Plaintiffs appeal.

According to plaintiffs, defendant Johnyne Fuselier owned property abutting plaintiffs' lot, and defendant James Spargur was constructing a house for her on her property. Under Spargur's direction, defendant Bret Barnhart was clearing trees with a bulldozer on Fuselier's property along the common property line. Near the back of the two lots, he turned the bulldozer on to plaintiffs' property and pushed the trees uprooted from Fuselier's property onto plaintiffs' property, in the process bulldozing 5,320 square feet of and allegedly destroying hundreds of trees on plaintiffs' property.

Plaintiffs, who reside in Oregon, brought this action for trespass, conversion, and, most importantly for present purposes, wrongful damage to timber under Okla. Stat. tit. 23, § 72. This statute provides as follows:

A.    For wrongful injuries to timber upon the land of another, or removal thereof, the measure of damages is not less than three (3) times nor more than ten (10) times such a sum as would compensate for the actual detriment, unless:

1.    The trespass was casual and involuntary;

2.    Committed under the belief that the timber or land belonged to the trespasser; or

3.    The timber was taken by the authority of highway officers for the purposes of a highway,

in which case the damages are a sum equal to the actual detriment.

B.    The prevailing party shall be entitled to costs and attorneys fees.

Plaintiffs alleged generally that the amount in controversy exceeded $50,000 and that the damage to timber was wilful and wrongful.

On January 8, 1997, the district court held a case management and status conference. At this time, only Barnhart had formally answered, and apparently no discovery had occurred, but the parties had executed a case management plan that included a summary of Fuselier's and Spargur's defenses. In his answer, Barnhart denied that the amount in controversy exceeded $50,000, and the district court raised that issue sua sponte at the conference. Plaintiffs' counsel presented a report by a "certified arborist" to the district court indicating that the commercial value of the damaged trees was approximately $40,000. Counsel contended that none of the exceptions to § 72 applied and that therefore the actual damage

-3-

amount should be at least tripled, thus satisfying the requirement for the amount in controversy. The following colloquy took place between the court and plaintiffs' counsel, Walter Haskins:

> THE COURT: Is there any basis on which to believe that Mr. Spargur or his agents intentionally chopped down trees recognizing the exposure that that would put to a general contractor in the community?

> MR. HASKINS: At this point, Your Honor, we don't know what the motive is. We certainly don't believe it was casual and involuntary as required by the statute.

> THE COURT: But a negligent trespass, and that is simply crossing the line, I mean, you would agree that this occasioned extra and unnecessary work for the matter that he was contracted to do, would you not?

> MR. HASKINS: I think there may be some issues about whether or not it was convenient to do that area to park a trailer on it to gain access to the property as well. We don't yet know at this point the motive for that, but our statute provides that even if it is negligent, unless it is casual and involuntary, then the statute applies.

> THE COURT: Well, casual in this particular instance contemplates--I mean, is there anything that you believe that has caused this to be intentional, a knowing and willing--

> MR. HASKINS: I think the evidence may indicate that, Your Honor. There was a trailer, as I understand it, parked on the property for a period of time. I think there may be issues of convenience. My clients were not present, they were in Oregon, and I think the evidence may indicate that.

Appellants' App. at 81-82. At the close of the hearing, the court ruled that § 72 "is not applicable in this case, therefore the amount sought here is $40,000, and

lacking being [the] jurisdictional amount [I] find[] that this Court lacks subject matter jurisdiction to resolve this dispute[].  Accordingly this case is hereby dismissed without prejudice." Id. at 86.  The court did not state the reason why it concluded the statute did not apply.

"When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover at least $50,000." Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).  A claim for punitive damages, such as provided by the treble or more damages provision of § 72, see Maxwell v. Samson Resources Co., 848 P.2d 1166, 1172-73 (Okla. 1993), may be included in the jurisdictional amount. See Watson, 20 F.3d at 386; see also Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1996) (court may take a closer look where punitive damages make up bulk of amount in controversy).  We review the district court's determination that the amount in controversy requirement was not satisfied de novo. See Watson, 20 F.3d at 386.[1]

---

[1]    We do not read the district court's ruling, nor does Barnhart (the only defendant to file an appellate brief) contend, that the district court made a finding of jurisdictional fact or resolved a factual dispute such that its finding would be subject to review only for clear error, see, e.g., Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  Moreover, considering that the district court raised the issue sua sponte at a status conference prior to discovery and without notice to

(continued...)

Although the district court did not explicitly state the reason it concluded § 72 did not apply here, it apparently determined that plaintiffs would not be able to make the required showing of motive or intent that the statute requires.[2]  We cannot agree that at this point in the case, it is a "legal certainty" that plaintiffs cannot recover more than $50,000.  Recovery of at least treble damages under § 72 may require a showing of intent to trespass and damage timber, as opposed to simple negligence as plaintiffs' counsel contended, see Maxwell, 848 F.2d at 1173, although this issue was not subject to argument in the district court.  But even if it is, we do not see why it would be impossible to make this showing.

_____

[1](...continued)

plaintiffs, we question whether the court afforded plaintiffs "an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible."  A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 88 (2d Cir. 1991) (quotation and brackets omitted); cf. Holt, 46 F.3d at 1003 ("A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).").

[2]      The court also seemed skeptical of the amount of alleged actual damages, noting that the "esteemed arborist" may have excluded "scrub oaks" from his report, replacing them essentially with "towering sequoias."  Appellants' App. at 83-84.  (The arborist's  report apparently was not made part of the district court's record and is not included in the record on appeal.)  We agree with the district court that the damage estimate of almost $40,000 seems high, considering that the amount of land involved is less than an eighth of an acre (a small city lot) and the trees were capable of being "destroyed" by a bulldozer.  However, it cannot be said to a legal certainty at this point that actual damages will not be $40,000.  Moreover, considering the tripling or more aspect of § 72 and its provision for recovery of legal fees, the actual damages need not be very high for the amount in controversy to be satisfied.

Moreover, while defendants acknowledged the trespass and some amount of damage, their defenses do not uniformly point to negligence as the cause. Barnhart claimed he was simply following the line laid out by Spargur. In contrast, Spargur claimed that Barnhart became disoriented after having been stung by a number of bees whose hive he had run over and that Barnhart strayed over the property line. In any event, particularly considering the state of the case--not all of the defendants had even answered yet--it cannot be said to a legal certainty that plaintiffs cannot prove that the trespass and damage was not casual and involuntary, assuming that is their burden (and not an affirmative defense).[3] We conclude that the district court erred in dismissing the case at this point for lack of subject matter jurisdiction.

REVERSED and REMANDED.

Entered for the Court


James E. Barrett
Senior Circuit Judge

---

[3]    Moreover, the district court failed to consider § 72's provision for recovery of attorney fees, which may apply even if the treble damages provision does not. See Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933) (statutorily allowed attorney fees may be considered in determining the amount in controversy). In the case management plan, plaintiffs estimated their attorney fees at $12,000. (Barnhart estimated his at $14,000.)