**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES C. HUMPHREYS;
JILL M. HUMPHREYS,

    Plaintiffs-Appellants,

v.

JOHNYNE FUSELIER, individually;
JAMES ARTHUR SPARGUR,
individually, dba, Specialty Builders,

    Defendants-Appellees.

No. 99-5232
(D.C. No. 96-CV-942-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).   The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs James and Jill Humphreys brought this diversity action asserting a claim against defendants for wrongful destruction of timber on plaintiffs' residential lot in Tulsa County, Oklahoma, and seeking damages pursuant to Okla. Stat. tit. 23, § 72. At the pretrial conference, the district court determined that the appropriate measure of damages to plaintiffs' property was diminution of value and that plaintiffs could not show any damages under this theory. It therefore dismissed the case. Plaintiffs appeal. We affirm in part and reverse in part.

According to plaintiffs, defendant Johnyne Fuselier owned property abutting plaintiffs' lot, and defendant James Spargur was constructing a house for her on her property. Under Spargur's direction, defendant Bret Barnhart was clearing trees with a bulldozer on Fuselier's property along the common property line. Near the back of the two lots, he pushed the trees uprooted from Fuselier's property onto plaintiffs' property, and in the process, bulldozed 5,320 square feet of plaintiffs' property, allegedly destroying hundreds of trees.

The district court initially dismissed plaintiffs' complaint on jurisdictional grounds based on its determination that the amount in controversy did not exceed the jurisdictional amount required by 28 U.S.C. § 1332(a). On appeal, we reversed, holding that under the damage multiplier and attorney fee provisions of Okla. Stat. tit. 23, § 72, it was not certain plaintiffs could not meet the

jurisdictional amount. *Humphreys v. Fuselier*, No. 97-5019, 1997 WL 579185 (10th Cir. Sept. 18, 1997) (unpublished). Following our remand, the district court appointed a certified real estate appraiser to determine the fair market value of plaintiffs' property before and after the trees were destroyed. Defendant Barnhart settled for $30,000, leaving defendants Fuselier and Spargur, who have never filed answers to plaintiffs' complaint. On September 9, 1999, the court ordered the pretrial order, trial briefs, and requested jury instructions to be filed by October 27, 1999, and it set the trial for December 6, 1999. Plaintiffs filed their trial brief, requested jury instructions, and proposed pretrial order by the deadline.

On November 3, the district court held a pretrial conference at which plaintiffs appeared through counsel and Spargur appeared pro se. By this time, the district court had the real estate appraiser's report, which indicated that the value of plaintiffs' property, $127,500, had not been diminished by the destruction of the trees. Although plaintiffs had argued in their pretrial brief that damages should be determined by the "replacement value" of the destroyed trees, the district court determined at the conference that under Oklahoma law, the appropriate measure of damages was diminution in value of their property. Noting that under this measure of damages, the certified appraiser had determined that plaintiffs suffered no damages, the court inquired of plaintiffs what evidence they had to show damages under this theory. Plaintiffs offered only the testimony

of a real estate agent, but the court rejected this evidence because the agent was not a certified appraiser.  The court alternatively determined that even if the agent testified that the value of the property had been diminished by $10,000, based on the selling price of the property over a year after the incident, plaintiffs would not be able to show actual detriment in light of the $30,000 they had received from Barnhart.  Because plaintiffs could not show damages, the district court dismissed the case.

On appeal, plaintiffs' contend that the district court effectively granted summary judgment sua sponte at the pretrial conference and that this was improper because the court failed to give them adequate notice.  They also argue that the appropriate measure of damages is replacement value, that plaintiffs, as owners of the property, could testify as to its value before and after the trees were destroyed, and that the settlement proceeds should not have been used to reduce damages.

Plaintiffs' primary contention is that the district court violated Fed. R. Civ. P. 56 by sua sponte determining at the pretrial conference both (1) the appropriate measure of damages and (2) whether they could show damages without giving them adequate notice.  Turning first to the measure of damages, this is a legal question, *Bingham v. Zolt*, 66 F.3d 553, 563 (2d Cir. 1995); *Gayle Mfg. Co. v. FSLIC*, 910 F.2d 574, 578 (9th Cir. 1990), and we see

no error in the court's determining this matter at the pretrial conference. The court obviously had to decide this issue before trial, and plaintiffs had fully briefed it in their trial brief. (Their argument on appeal that the court incorrectly determined the measure of damages is substantially the same as the argument contained in their trial brief.) To the extent Rule 56 applies, plaintiffs cite no authority supporting their contention that it requires notice of a court's legal determinations. The cases they cite support, at most, only their contention that they were entitled to notice of the court's determination that their case was factually deficient. *Rogan v. Menino*, 175 F.3d 75, 80-81 (1st Cir. 1999); *Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29-31 (1st Cir. 1996); *see also Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 892 (10th Cir. 1997) ("[C]ourt may grant summary judgment sua sponte 'so long as the losing party was on notice that [it] had to come forward with all of [its] evidence.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

We also conclude that the district court correctly chose diminution in the value of plaintiffs' property as the appropriate measure of damages. Because this is a legal issue, our review is de novo. *Bingham*, 66 F.3d at 563. As the district court stated and plaintiffs concede, the general rule for measuring damages for injury to real property is diminution in value. *Short v. Jones*, 613 P.2d 452, 457 (Okla. 1980); *Pace v. Ott*, 115 P.2d 253, 255 (Okla. 1941). We find unpersuasive

plaintiffs' argument that damages should be determined by "replacement value," a theory not applied in any Oklahoma cases. As the district court noted, plaintiffs did not live on the property at the time the trees were destroyed and subsequently sold the property without attempting to replace the trees.

Turning next to plaintiffs' contention that the court erred in finding their case factually deficient, and their related contention that property owners may testify regarding the value of their property, we conclude that the district court erred in granting judgment against plaintiffs without providing them adequate notice. As noted above, a court may sua sponte grant summary judgment if the losing party was on notice that it had to come forward with all of its evidence. *Sports Racing Servs.*, 131 F.3d at 892. The district court did not give plaintiffs any notice it was considering dismissing the case. Additionally, in their proposed pretrial order, plaintiffs had designated themselves to testify regarding the value of their property, and an owner is competent to give such testimony. *See Minick v. Rhoades Oil Co.*, 533 P.2d 598, 600 (Okla. 1975); *Bingham v. Bridges*, 613 F.2d 794, 797 (10th Cir. 1980) (applying Oklahoma law). We note that at the pretrial conference, plaintiffs argued only for more time to find an appraiser qualified to testify about value, not that plaintiffs could testify, and the court indicated plaintiffs should have had its witnesses lined up already. While we agree with the court that plaintiffs should have been better prepared at that point,

since the case had been pending for over three years, we nonetheless conclude the court got ahead of itself by dismissing the case without giving plaintiffs adequate notice.

Because the issue of whether settlement proceeds should have been used to reduce damages was not briefed or addressed in the district court, we decline to consider it on appeal. The judgment of the district court is AFFIRMED in part, REVERSED in part, and the case is REMANDED for proceedings consistent with this order and judgment.

Entered for the Court


Deanell Reece Tacha
Circuit Judge